THE STATE OF IOWA, *ex rel.* THE ATTORNEY GENERAL *v.* TILGHMAN *et al.*

An affidavit for a continuance, on account of the absence of witnesses, or for the reason that there had not been sufficient time to take their depositions, which does not state the names and residences of such witnesses, nor what facts the affiant expects to prove by them, or show some excuse therefor, is fatally defective.

Where the defendants in an action, filed a motion that W. be required to show his authority for appearing as attorney for complainant, which motion was supported by an affidavit of one of the defendants, stating that he had employed the said W. as an attorney in the defence of said cause; and that he had undertaken to act in that capacity, representing that he had no engagement to conflict with such undertaking ; and where the said W. filed an affidavit, stating that in October previous, one of the defendants had expressed a desire to retain him; that he was then in no manner employed in the cause; that he was then willing to be engaged on the part of the defendants ; that afterwards another of said defendants informed him that this retainer was without authority, and it was their (defendants') wish, that he should retire from the cause; that he had no professional consultation with any one in making up the pleadings; that he never received any fee from the defendants, and considered himself entirely discharged; that in February or March after this, he was employed by the attorneys of record for complainant, to appear for them; and that he had their written authority to that effect; and where the court sustained the motion, and required the said W. to show his authority to appear ; *Held,* That there was no error in the proceeding.

In chancery, the answer of the respondent, upon any matter stated in the bill, and responsive to it, is evidence in his favor ; and is conclusively so, unless it is overcome by evidence which is equal to the satisfactory evidence of two witnesses.

Where the answer of the respondents to a bill in chancery, is responsive to the matters stated in the bill, and there is no proof to overcome the answer, it is to be taken as true, although a general replication may have been filed.

The State of Iowa, ex rel. The Attorney General v. Tilghman et al.

Whether a decree in equity dismissing the complainant's bill, will bar the filing of another bill, *quare?*

*Appeal from the Webster District Court.*

WEDNESDAY, OCTOBER 13.

In August, 1855, Francis W. Allen departed this life. In September following, three of the defendants were appointed administrators of his estate. One of them, (Thrift), resigned, and in January following, the others, under an order of the proper county court, sold two hundred acres of land, of which Allen died seized, to Butterworth, and said Thrift.

This bill was filed in the name of the attorney general, in July, 1856, and sets out in substance, that Allen died, leaving no heirs; that he was not in debt; that he was, at the time, a resident of Nebraska territory; that his entire estate escheated to the State; that the proceedings on the part of respondents, in procuring the appointment of administrators, and the sale of said land, were fraudulent and void; that respondents combined together, for the purpose of cheating and defrauding the State; and that they well knew that there were no debts, and procured the sale of the land for much below its actual value.

The answer denies, generally and specifically, any and all fraud wherewith defendants are charged in said bill; denies that Allen departed this life in Nebraska territory; but states that he was a resident of the State of Iowa. The defendants also aver that said Allen had heirs, and that he was indebted; that some three thousand dollars of debts were proved up before the county court, before the order was made for the sale of the said land; and admit that Thrift and Butterworth were the purchasers, but insist that they paid the full value of the same. To this answer, there was a general replication. On the hearing, the bill was dismissed, and complainant appeals. For the other material facts, see the opinion of the court.

*Samuel A. Rice*, Att'y General, and *J. C. & B. J. Hall*, for the appellant.

*Finch & Crocker*, and *J. M. Ellwood*, for the appellees.

WRIGHT, C. J.—Complainant moved for a continuance, which motion was overruled, and this is the first question presented for our consideration. At the October term, 1856, the cause being at issue, was continued to the next term, and set down for hearing upon depositions. The law then fixed the next term in October, 1857, but on the 28th of January, 1857, the legislature passed an act, fixing the terms thereafter, in March and September of each year. The motion to continue was made at the March term, 1857, and sets up this change in the law, and the inability of the complainant, for that reason, as well as others, to prepare the case for hearing.

Without examining the affidavit upon which the motion is based, in all its parts, it is sufficient to say, that in two respects, at least, it was fatally defective. It does not contain the name of any witness, nor does it state their residence, nor what complainant expects to prove by them. Continuances may be allowed for any cause which satisfies the court that substantial justice will thereby be more nearly attained. Code, section 1765. Where the application is made, however, on account of the absence of witnesses, or, as in this case, upon the ground that depositions have not been taken, and the cause thus prepared for trial, the affidavit ought to give the names of the witnesses—their residence—and the particular facts which affiant expects to prove, or give some sufficient excuse for not doing so. The object in continuing a cause, is that in the language of the Code, substantial justice may be more nearly attained. And this should be made to appear, otherwise there is no necessity for continuing the cause upon the docket. Not only so, but the opposite party has a right to know the facts expected to be proved, for it might be ad-

mitted that the witnesses would swear to the facts stated, and thus all necessity for a continuance would be avoided. Sections 1766-7. In this case, we are of the opinion, that sufficient is shown to justify the failure on the part of complainant to take depositions, but in the other respects stated, the affidavit is substantially defective.

It is next assigned for error, that the court erred in refusing to allow James W. Woods, Esq., to appear and prosecute for the complainant. The circumstances, as shown by the record, were as follows : One of the defendants filed his affidavit, that he had employed the said Woods as an attorney in the defence of said cause, and that he had undertaken to act in that capacity, representing that he had no engagement to conflict with such undertaking. Thereupon, defendants moved that said Woods be required to show his authority for appearing for complainant. This was on the 28th of April, 1857; and on the same day, Woods filed his affidavit, stating that in October previous, one of the defendants had expressed a desire to retain him ; that he was then in no manner employed in the cause, and was willing to be engaged on the part of respondents ; that afterwards, another of said respondents informed him, that this retainer was without authority, and that it was their (respondents') wish, that he should retire from the cause ; that he had no professional consultation with any one, in making up the pleadings; that he never received any fee from respondents, and considered himself entirely discharged ; and that in February or March after this, he was employed by the attorneys of record for complainant, to appear for them, and had their written authority to that effect. On the same day, it appears that the application for a continuance was overruled, and the motion that Woods be required to show his authority, sustained. On the next day, the cause was submitted to the court, but no appearance was made for complainant.

Appellant now assumes that the court refused to allow Woods to appear and prosecute said cause. We do not so understand the record. The order is, that he be required

to produce his authority, and not to stay any proceedings by him on behalf of the party for whom he assumed to appear. And yet, the latter would have been the order, if the court went to the extent now claimed. Code, section 1617. The court had the power to require him to produce, or prove his authority. If it be said that the attorney did prove it by his own oath, and that this is sufficient under section 1617, this is answered by the suggestion, that his affidavit states that he had written authority to appear. It was therefore perfectly competent for the court to require him to produce this authority, or show cause why he did not. And this, we understand to be the meaning of the order made, and not that his right to appear was denied, after the production of his authority. It is not shown that he ever produced the authority to which he referred. On the contrary, on the next day, there was no appearance for complainant, nor is it shown that Woods afterwards claimed that he had a right to appear. It may be suggested by counsel, that the record does not speak the truth in this respect. However this may be, we must take it as verity, and decide accordingly.

It is next assigned that the court erred in rendering the decree on the petition and answer, without reference to the replication. The general practice in this country is, to treat a cause in chancery, as fully at issue upon the filing of the replication. A subpœna to rejoin—an order to contest the *litis contestatio*—as practised under the old civil law, is not necessary. The replication, under our practice, is usually general, and is a denial of the truth of the answer—puts in issue the sufficiency of the matter alleged therein, to bar the complainant's suit—and amounts to an assertion of the truth and sufficiency of the bill. The answer of the respondent, however, in every case, upon any matter stated in the bill and responsive to it, is evidence in his favor; and is conclusively so, unless it is overcome by evidence which is equal to the satisfactory testimony of two opposing witnesses. Story's Eq. Plead., sections 878, 9, and note 5; 2 Story's Eq. Jur., sec. 1528; *Davis* v. *Ste-*

*vens*, 3 Iowa, 158; *Smith* v. *Brush*, 1 Johns. Ch., 459. In this case, there was no proof made by either—the answer of defendants was responsive to the matter stated in the bill—and if there was no proof to overcome it, it was to be taken as true. In this respect, it could make no difference that a general replication was filed.

But it is said that the cause was determined without reference to the exhibits referred to in the pleadings. If these exhibits were so referred to as to make them a part of the pleadings, then they were considered; for the record states that the cause was heard upon the petition and answer—no other evidence being introduced. That is to say, if the record relied upon, was a part of the papers and pleadings in the case—was so far, by the form of the pleadings, incorporated into them, as to bring it before the court—then it must have been considered. If this record was not thus incorporated, then the inquiry is, whether the court could, without its production, consider it. Suppose that it could be considered, then the question arises, should the decree have been different? We think not, and for one controlling reason.

This bill is filed on behalf of the State, claiming the property as an escheat. The State can only claim it upon the ground, that the decedent left no heirs, and then only such as may be left after the payment of debts. Code, sections 1408–14. In this case, the bill states that the property was uninherited, and that the deceased left no debts. Both of these averments are expressly denied in the answer. Unless, therefore, there was something in the exhibits referred to, to overcome this express denial, it necessarily follows that the State would have no right to the property, and could not maintain this bill. The record relied upon, is the proceedings before the county court. This has been certified to this court, but appellees object that it has nothing to do with the case, and is improperly here. Without passing upon this question, we need only say, that after examining it most carefully, we find nothing to contradict or destroy the effect of the posi-

tive denials contained in the answer. As to the existence of heirs, the record is silent. It is shown, however, that there were debts. Assuming, therefore, that the court below did not consider this record—and that there was error in this—it would still follow, that the decree below, so far as this objection is concerned, must be affirmed.

It is finally insisted that the bill should have been dismissed, without prejudice to the right of complainant to file a new bill. An examination of the record satisfies us, that there are strong apparent equities in favor of complainant. And while the court below ruled, as we hold, correctly, upon the points brought to our attention, we believe that the complainant should have an opportunity to be again heard. It is questionable, perhaps, whether the decree, as rendered, would bar another bill. To remove all doubt in this respect, however, the decree below will stand affirmed, so far as to dismiss the bill without prejudice.