## CHRISTY v. DYER.

1. HOMESTEAD. The homestead character does not attach to property until it is actually occupied as a home. A mere intention to occupy, though subsequently carried out, is not sufficient. (*Charless & Blow* v. *Lamberson*, 1 Iowa, 435; *Williams* v. *Swetland*, 10 Id., 51.)

2. SAME. *Semble*, that land purchased with the design to make it a homestead, is not exempt from liability for debts contracted after such purchase and before its actual occupancy.

3. SAME: PURCHASE MONEY. A debt for the purchase money of premises occupied by the debtor as a homestead, is not a debt arising after the purchase of such homestead; and the homestead may, therefore, be subjected to the satisfaction of the same. And a mortgage executed by the husband to secure the purchase-money is not invalid because of the non-concurrence of the wife. (*Barnes* v. *Gay*, 7 Iowa, 26.)

4. LIEN. When the mortgagee brings an action at law on the note secured without a proceeding to foreclose the mortgage, a general judgment is, as between the parties, a lien upon the mortgaged premises from the date of the recording of the mortgage. The case of *Redfield* v. *Hart*, 12 Iowa, 355, establishes the rule as to third parties.

*Appeal from Blackhawk District Court.*

TUESDAY, JANUARY 6, 1863.

IN June, 1857, defendant bought of plaintiff about 155 acres of land, located in three distinct subdivisions. The purchase money was near two thousand dollars, payable in one and two years. The purchaser executed a mortgage to secure the same, signed and acknowledged by himself, but not by his wife. He was, at the time, the head of a family, and designed making the land so purchased his home.

His residence was not upon the land, however, nor did he occupy the same as a homestead until nearly two years

after the purchase. In September, 1859, and after the land was thus occupied, plaintiff procured a judgment at law against defendant for the whole of the first note, given on the purchase money, with interest, with an order for a general execution. An execution issued which was levied upon the land thus purchased and mortgaged, as also an additional forty acres.

Plaintiff purchased the same, and obtained his sheriff's deed. This action of right is brought, plaintiff relying upon his title thus acquired. Defendant claims a homestead right in one forty of the land. A trial was had before a jury, which resulted in favor of defendant as to the homestead tract, and for plaintiff as to the others. Plaintiff appeals.

*Bagg & Allen* for the appellant.

*Monroe* for the appellee.

WRIGHT, J.— The following, among other instructions, was asked by plaintiff and refused: "That if the jury find that the premises in question were not, at the time of the execution of said note and mortgage, occupied and used by said defendant and his family as a homestead, and were not for the space of two years thereafter, so used and occupied, it is not necessary for the wife of said defendant to join with him in the execution of the mortgage given to secure the purchase money to make said conveyance valid, and to divest the said defendant of his right to the exemption of said premises as against the plaintiff; and that plaintiff would be entitled to the possession thereof."

At the request of defendant the following instructions were given: "If the jury believe that, in the suit on which the judgment was obtained, under which the property was sold, there is no reference in any of the proceedings to the mortgage, but that said judgment and execution were gen-

eral, and that at the time of the rendition of said judgment, defendant was a married man, and, with his family, residing upon and using and occupying the same as a homestead, then such premises, including forty acres, were exempt from execution, and that the jury will so find.

" 2. If the forty acres claimed by defendant as a homestead, was in the occupation of said defendant at the time the judgment was rendered, and the debt on which said execution was obtained, was not created prior to the purchase by defendant of said forty acres, then they must find for defendant."

That the homestead character does not attach to property until it is actually occupied and used by the family as a home, is settled in this State as well as in others. *Charless & Blow* v. *Lamberson*, 1 Iowa, 435 ; *Williams* v. *Swetland*, 10 Id., 51 ; *Holden* v. *Penney*, 6 Cal., 235 ; *Wisner* v. *Farnham*, 2 Mich., 472 ; *Harn* v. *Tufts*, 39 N. H., 478 ; *Walters* v. *The People*, 21 Ill., 178. A mere intention to occupy, though subsequently carried out, does not make the premises the homestead until there is actual residence.

Our law declares, that where there is no special declaration of the statute to the contrary, the homestead of every head of a family is exempt from judicial sale. It may, however, be sold on execution for debts contracted prior to the passage of the law, or prior to the purchase of such homestead, Code, §§ 1245, 1249, Rev., §§ 2277, 2281.

If a tract of land is purchased by the head of a family upon which there are no improvements, but which he designs for a homestead, it may admit of some doubt whether the same would be exempt from judicial sale upon a debt contracted after such purchase and before its actual occupancy as a homestead. The spirit and policy of the law would seem to imply the "*purchase of the homestead*," and not that which might or not be finally made such.

Until such occupancy, the proposed creditor cannot know what it is that may be claimed as exempt. If there is actual residence, however, he knows that the law gives the exemption. But without now further discussing this view of the case, or expressing more definitely our conclusions thereon, we pass to the consideration of other questions which are decisive of the case before us.

It will be seen that plaintiff claims, under a judgment rendered upon a debt, contracted at the time of the purchase of the homestead, or rather that the debt, to satisfy which the property was sold, was a part of the purchase-money.

Plaintiff was the vendor and defendant the vendee of the premises. There are no rights of third persons intervening. Under such circumstances, it is, in our opinion, contrary to the policy of the statute, to say that this debt was so contracted *after* the purchase of the homestead as to render the property exempt.

The Legislature, with the view of avoiding all constitutional questions, has made the exemption prospective and not retrospective. When the homestead has been purchased, then, as to all subsequent debts, it is exempt, for all prior ones it is liable.

Is this a subsequent debt? The liability certainly did not arise after such purchase. The agreement to buy, and the corresponding promise to sell, was before the title papers passed. The final obligation to pay arose at the time of finally consummating the contract, when the notes were passed and the deed made. If these shall be treated as concurrent acts, can the claimed exemption be sustained? Upon the soundest principles we think not.

The claim of defendant is, that the homestead shall not be liable for the money agreed to be paid for its purchase. And yet we are not aware of any case which holds that such claim is to be preferred to that of the vendor for the

purchase money. In this State it has been expressly held, that a subsequent homestead right will not cut off the original claim for the purchase money. *Barnes* v. *Gay*, 7 Iowa, 26. In California it is held that such homestead right is subordinate to the lien for the purchase money, *McHenry* v. *Reilly*, 13 Cal., 75.

And in another case, where the husband borrowed money to pay for the homestead, giving a mortgage thereon in his own name, it was held that as the deed of the vendor, and the mortgage to such third person, were simultaneous acts, the purchaser and wife had neither an equitable nor legal right of homestead. *Losser* v. *Vance*, 8 Id., 271. It may well be doubted whether this case is sustained by the authorities in all its parts. See *Stansell* v. *Roberts*, 13 Ohio, 148; *Davis* v. *Peabody*, 10 Barb., 91. But, however this may be, it recognized the rule that the vendor has the paramount lien, and this is sufficient for the purposes of the present case. In *Stone* v. *Dreswell*, 20 Texas, 11, HEMP-HILL, C. J., says: "We have held in repeated cases in favor of the vendor that his vendee, as against him, could not claim the exemption or be shielded under it from the payment of the purchase money, and this was on the ground that until such payment the superior right or title in the land remained in the vendor; that the title, in fact, had not fully vested in the vendee until the discharge of the purchase money; that the claim of the homestead is based on the fact that the land, as against the vendor, is held by an indefeasible title." And see *Shepherd* v. *White*, 11 Texas, 246, where it is held that "if there was a resulting trust and the nominal grantee held the land for the use of the real purchaser, the trustee could not acquire, upon the land, a homestead free from and unincumbered by the trust; he could not claim the protection of the homestead law, any more than he could if he had been a real purchaser, and taken a deed absolute, but given a mortgage on the land so

purchased, to his vendor to secure the purchase money."
Also, *Tanner* v. *Sampson*, 6 Id., 303.

But it may be said that these cases were decided upon
peculiar statutes, and that in most, if not all of them, the
proceeding was to foreclose a mortgage or enforce a ven-
dor's lien, while in this case the plaintiff simply took a
judgment at law on one of the notes secured by the mort-
gage. Under our law, does this change the rule?

The statute gives a party the privilege to sue upon the
note, instead of proceeding to foreclose the mortgage. In
such a case the mortgaged property may be sold, and the
lien of the judgment attaches from the date of recording the
mortgage, §§ 2086, 2087, Code 1851. The case of *Redfield*
v. *Hart*, 12 Iowa, 355, recognizes the rule, that before such
judgment lien can relate back, *as to third persons*, the
property must be described in the same, and a special exe-
cution directed to issue. Not so, however, as between the
parties. The statute also declares that the vendee, shall,
for purposes of foreclosure, be treated as a mortgagor of
the property purchased, and his rights foreclosed in a simi-
lar manner, § 3672, Rev. 1860. And the case of *Barnes*
v. *Gay*, *supra*, which, in principle, does not differ from the
one before us, expressly holds that the homestead is subor-
dinate to the lien of the vendor.

It is held, therefore, that the deed and mortgage were, at
most, but simultaneous acts; that the seisin of the husband
was so instantaneous that it was not necessary to the
validity of the mortgage that the wife should sign and con-
cur in the same, in order to make it liable for the purchase
money. And further, that as between the parties the lien
of the judgment on the note related back to the recording
of the mortgage, and that (aside from any question of
redemption), the purchaser took his title divested of the
homestead claim.

Reversed.