BENJAMIN F. STEVENSON *et al.,* Plaintiffs in Error, *v.* THOMAS MARONY, Defendant in Error.

ERROR TO MORGAN.

The onus of proof is on the party holding the affirmative.

When the debtor has shown that he is within the enacting clause of the first section of the homestead exemption act, he is *prima facie* entitled to its

Stevenson *et al. v.* Marony.

benefits, and it must be rebutted by the creditor to subject the property to levy and sale.

Where a creditor desires to levy on and sell the homestead under the second section of the homestead exemption law, it is advisable that he should be permitted by the court, on the trial, to make the proof and have the fact found by the jury, that the debt or any part thereof, was created for the purchase or improvement of the homestead.

THE facts of this case are sufficiently stated in the opinion.

I. L. MORRISON, for Plaintiffs in Error.

The agreed state of facts in this case recites that, "said judgments were had on causes of action accruing since the 4th of July, 1851, and not for the purchase-money of said lots, or either of them."

The second section of the homestead act, (see Scates, Treat and Blackwell's Statutes, p. 576), is as follows:

"SEC. 2. But no property shall, by virtue of this act, be exempt from sale for non-payment of taxes or assessments, or for a debt or liability, incurred for the purchase or improvement thereof."

The point made by the plaintiff in execution, is that the facts fail to show what were the causes of action for which judgments were rendered in these cases ; for all that appears in this case, the debts sued for, may have been incurred by defendants, for improvements made on the premises. This was matter of defense. See 23 Ill. 94.

D. A. SMITH, for Defendant in Error.

WALKER, J. This was a motion in the Circuit Court, to vacate the levies and sale of certain town lots, made by virtue of two executions from that court. It appears from the agreed case, that the indebtedness of defendant in execution, accrued after the 4th day of July, 1851, and not for the purchase-money of the lots or either of them, or any part thereof. That both lots were enclosed by one fence, and were occupied by defendant in execution, with his family, as a homestead, at and before the time the judgments were

recovered, upon which they were issued. That defendant protested against the levy upon the lots, and claimed them as exempt from levy and forced sale. It likewise appears, that the lots with their improvements are not worth the sum of one thousand dollars. The property was sold to Morrison Allison, a plaintiff in one of the executions, with full notice, for the sum of $182, which satisfied the executions and costs. On the hearing the motion was overruled, and the cause is brought to this court to reverse that judgment.

The plaintiff in error insists, that he being within the provisions of the statute, exempting homesteads from levy and forced sale under judgments, orders or decrees of court, he is entitled to have this sale vacated and the levies set aside, by motion. That in such a proceeding, it devolves upon the plaintiff in execution, after it is shown that the debtor is within the statute, to rebut it by establishing that the debt, or a part of it, was for the purchase-money, or improvements made upon the homestead. It is seldom that the law requires a party to prove a negative, which is always difficult, and often impossible. On the contrary, affirmative acts are susceptible of ready proof, and attended with no hazard of a failure of justice. Where the creditor affirms that his debt was incurred for the purchase-money, or improvement of the homestead, no reason is perceived why he should not be required to establish that fact. Where the debtor has shown that he is within the provisions of the enacting clause of the first section, he is *prima facie* entitled to its benefits. And it must be rebutted by the creditor, to subject the property, under the provisions of the second section.

Where the proceeding is in chancery, however, it may be different, as the practice allows the defendant by cross-bill to have discovery of the complainant, to prove his defense. This was the rule regulating chancery practice, in such cases, intimated in case of *Kitchell* v. *Burgwin*, 21 Ill. 40.

This being a right conferred by statute, and having no specific provisions, as to the mode in which the rights of the parties are to be ascertained, it must be regulated by the courts. It is also desirable that some uniform practice should prevail.

We are of the opinion that it would be well calculated to promote justice, save expense and prevent delay, to permit the plaintiff, on the trial, in the court rendering the judgment, to make the proof and have the fact found, that the debt or any portion of it was created for the purchase or improvement of the homestead. If it should be so found, and the amount ascertained, then the judgment should be so entered as to specify the sum for which the homestead was liable to be sold on execution, and the clerk should so certify on the execution. Whilst we do not wish to be understood as saying, that this should be the only mode, still it would greatly tend to prevent delay and the accumulation of costs. If the plaintiff fails on the trial to establish the fact that he is within the provisions of the second section of the act, and it is so found by the jury, it would be conclusive upon the parties. If he failed to make the issue, then upon the question afterwards arising, on motion or otherwise, he must be held to establish and show what portion of his judgment is for purchase-money or improvements, before he can sell the homestead, if of less value than one thousand dollars.

The judgment of the court below is reversed, and the cause remanded.

*Judgment reversed.*