## HALE v. HEASLIP *et al.*

1. HOMESTEAD: ACTUAL OCCUPATION. Property owned by the head of a family is not invested with the character of a homestead before it is actually occupied as a home.

2. SAME. After the head of a family acquired certain real estate, but before its actual occupation, he contracted debts on which judgments were rendered after its occupation. *Held*, That it was not exempt from judicial sale to satisfy such judgments. COLE, J., dissenting.

3. SAME: OTHER PROPERTY. When the owner of a homestead, or his mortgagee, seeks to restrain the sale of the homestead, to satisfy a judgment on a debt for which it is liable, on the ground that the debtor has other property which is not exempt, and which should be first exhausted, he must make the fact appear affirmatively.

*Appeal from Lee District Court.*

TUESDAY, JUNE 21.

ACTION to foreclose mortgage made by Heaslip and wife, on part of lot 11, and the whole of lot 12, in block 100, in Keokuk, dated May 1st, 1860, and recorded on the 5th of May, 1860.

Among others, Frank & Sons are made defendants, and claim a lien paramount to the lien of the plaintiff's mortgage. The contest is between the plaintiff, as mortgagee, and Frank & Sons, as judgment creditors of Heaslip. The cause was tried before the Hon. FRANCIS SPRINGER, Judge, who found the facts as follows:

"The Court finds that the defendant, Heaslip, purchased said premises on the 12th day of June, 1857, and was the head of a family, and with his family went into possession and occupation of the said premises, as a homestead, in the first week of the month of March, 1859, and continued to use and occupy the same as a homestead, from said last date until December, 1862, when they sold and conveyed the same. The Court further find that the debt (a note) on which Frank & Sons recovered their judgment against

Heaslip, was made and dated on the 7th day of September, 1857, and judgment was recovered thereon on the 10th day of June, 1859, at which time the premises were owned and occupied by Heaslip and family as a homestead, and that no execution has been issued thereon."

Upon these facts the court below decreed that the lien of the judgment was paramount to the lien of the mortgage, and ordered that Frank & Sons be first paid out of the proceeds of the sale under the foreclosure.

From this portion of the decree the plaintiff appeals, and the correctness of the order establishing the priority of the judgment is the only question made.

*H. Strong* for the appellant.

*Rankin & McCrary* for the appellee.

DILLON, J.—Notwithstanding Heaslip purchased the property in June, 1857, yet it did not become impressed with the character of a homestead or become exempt as such, until actual occupation, which was in March, 1859. The necessity of actual occupation in such cases was decided in *Charless & Blow* v. *Lamberson*, 1 Iowa, 435. See, also, to same effect, *Holden* v. *Pinney*, 6 Cal., 285, 625 ; *Norris* v. *Moulton*, 34 N. H., 392 ; *Benedict* v. *Bunnell*, 7 Cal., 245 ; *Wisner* v. *Farnham*, 2 Mich., 472 ; *Williams* v. *Sweatland*, 10 Iowa, 51 ; *Philleo* v. *Smalley*, 23 Texas, 498 ; *Horn* v. *Tufts*, 39 N. H., 478 ; *True* v. *Morrill*, 28 Vt., 672 ; *Davis* v. *Andrews*, 30 Id., 688 ; *Prior* v. *Stone*, 19 Texas, 371 ; 17 Id., 593 ; 9 Id., 630 ; *Kitchell* v. *Burgwin*, 21 Ill., 45 ; *Walters* v. *The People*, Id., 178 ; Amer. Law Reg., vol. I (N. S.), 650. And also recent cases of *Christy* v. *Dyer*, 14 Iowa, 438 ; *Cole* v. *Gill*, Id., 527.

Before the property became a homestead by actual use and occupation as such, Heaslip contracted the debt, on which Frank & Sons recovered their judgment. It is

true that, at the date of the rendition of this judgment, Heaslip and family occupied the premises as a homestead, but yet, under the express declaration of the statute, the premises were liable to be sold to pay the debt of Frank & Sons, which was a debt created prior to the time when the homestead right attached. Rev., § 2281.

As against antecedent debts, or debts created for the purchase-money, the homestead exemption does not apply, and judgments founded upon such debts would be held to be liens upon the property, certainly as against persons chargeable with notice of the character of the debt.

This works no hardship upon the plaintiff. At the date of his mortgage the records showed an unsatisfied judgment in favor of Frank & Sons, against Heaslip; and showed that this judgment was rendered upon a note made and dated on the 7th day of September, 1857.

The appellant argues that a third party taking a mortgage is not bound to go back of the record of the judgment and inquire, first, the date of the contract upon which judgment was rendered, and if he finds that judgment was obtained upon a promissory note dated since the acquisition of the homestead, then inquire further, whether that note had not been given in renewal of another note dated before the right of homestead accrued. It is sufficient to say that such is not this case. If, in addition to the right which a mortgage would ordinarily give, the plaintiff claimed by virtue of his mortgage the benefit of the homestead rights of his mortgagors, he was, of course, bound to ascertain when those rights began, which was in March, 1859. The records of the court in which Frank & Sons obtained their judgment would have disclosed the fact, if examined, that this judgment was founded upon a debt contracted prior to the acquisition of the homestead right.

This view is entirely consistent with the case of *Lamb* v. *Shays*, 14 Iowa, 567. That case simply holds that a judg-

Hale v. Heaslip.

ment is not a lien upon a homestead, and that the vendee of the homestead owners holds the premises clear of a judgment, rendered while the premises were actually occupied as a homestead. But that was not a case where the judgment was rendered upon a contract made *before* the homestead right attached, and herein consists the essential difference between it and the case at bar.

It is true, that under our statute, Frank & Sons could not sell the homestead, " except to supply the deficiency remaining after exhausting the other property of the debtor subject to execution." Rev., § 2281. The appellant contends that it was the duty of Frank & Sons, to allege and show that Heaslip had no other property subject to execution.

We cannot acquiesce in the correctness of this view. In *Stephens* v. *Myers*, 11 Iowa, 183, this Court held, that a sale of a homestead, under a valid deed of trust, would not be enjoined, on the ground that the other property of the owners had not been exhausted, where it is not alleged or shown that the debtor had other property. It was considered to be the duty of the debtor to point out or show such other property. So here. The premises are *prima facie* liable to Frank & Son's judgment.

If the plaintiff claims that they are not liable, because their debtor has other property subject to execution, which has not been exhausted, it is his duty to make that fact appear.

Decree affirmed.

COLE, J., *dissenting.*—I cannot concur in the foregoing opinion, nor in the conclusion reached; and, as required by the statute, I proceed to state in writing, the grounds of my dissent. In order to avoid any misapprehension, I restate the facts in their chronological order. Heaslip purchased the premises in controversy June 12th, 1857. He

became indebted by note to Frank & Sons, September 7th, 1857. He was the head of a family at the time of his purchase, but did not go into the actual occupation of the premises as a homestead till March 7th, 1859. Frank & Sons recovered judgment against Heaslip, June 10th, 1859. Hale took his mortgage, executed by Heaslip and wife, May 1st, 1860, and had the same duly recorded May 5th, 1860. The sole controversy in this case is between the plaintiff, Hale, who claims under a mortgage executed by husband and wife, so as to bind the homestead of date May 1st, 1860, and Frank & Sons, who claim under a judgment against the husband alone of date June 10th, 1859. The premises were occupied as a homestead at the time the judgment was rendered and at the time the mortgage was made.

The whole question is one of construction of our statute Revision of 1860:

"§ 2277. Where there is no special declaration of the statute to the contrary, the homestead of every head of a family is exempt from judicial sale.

"§ 2280. But the homestead is liable for taxes accruing exclusively thereon, and the whole, or a sufficient portion thereof, may be sold to pay the same. It is also subject to mechanic's liens in the cases provided by law.

"§ 2281. It may also be sold on execution for debts contracted prior to the passage of this law, *or prior to the purchase of such homestead* (except where otherwise declared), or for those created by written contract, executed by the persons having the power to convey, and expressly stipulating that the homestead is liable therefor. But it shall not, in such cases, be sold, except to supply the deficiency remaining after exhausting the other property of the debtor which is liable to execution."

My brothers, in their opinion just delivered, hold that the words "prior to the purchase of such homestead" (italicised in the section last quoted), mean "prior to the

*actual occupancy as such,* of such homestead." I cannot concur in such a forced, and to my mind, unnatural and uncalled for construction of language, which is itself plain, certain and definite. The word "purchase, which is used by the Legislature, has as well defined and certain meaning as the words "actual occupancy," which are, in effect, used by the majority opinion of the Court. Nor does the paraphrase, "prior to the acquisition of the homestead right," give any additional strength to the construction sought to be placed upon, for it has no foundation in the legislative language.

The Legislature has used the words "prior to the purchase of such homestead," and these words have a well-settled and fixed legal meaning. The word "purchase" is defined by Webster to be, in law, "the act of obtaining or acquiring the title to lands, &c." Bouvier says it "signifies the lawful acquisition of real estate by any means whatever, except descent." By substituting the meaning of the word "purchase" in the place of the word itself, we have the certain legislative meaning, as follows: "It may be sold on execution for debts contracted prior to the act of obtaining or acquiring the title to such homestead." And this language conveys to my mind a very different meaning from the expression of a "debt contracted prior to the acquisition of the homestead right," as used by the majority opinion. I cannot concur, therefore, in the construction given by the majority of the Court, because it is not, in my judgment, a fair and natural construction of the language used.

Again, the homestead statutes are highly remedial in their nature, and the rights under them are favored by the courts, through a humane and liberal construction; or, as is well said by the learned author of an elaborate article entitled "Homestead Exemptions," in the American Law Register for September, 1862, "the prevailing opinion is

that, in view of their benevolent and humane character, they are entitled to be liberally viewed by the courts. * * * They are remedial in their nature, * * * and should be *sensibly* construed, with a view to secure the object aimed at in their enactment." Under this rule of construction, it seems to me clear that the homestead could not be held liable to the payment of a debt, unless such a debt was manifestly and palpably within the exception, as contained in the statute.

The title to the homestead was acquired before the debt to Frank & Sons was created. That debt remained as a simple contract debt, and did not attach as a lien upon the property in controversy, or any other property of Heaslip, until after it was reduced to judgment. Until then it was entirely personal to the debtor, and the creditor had his personal liability only. Before it was reduced to judgment, the defendant, Heaslip, with his family, were in the actual occupancy of the property in controversy, as their homestead, so that when the judgment was rendered, it did not attach as a lien upon the property in controversy, because it was then in the actual occupancy of Heaslip as a homestead. It is now settled in this State that a judgment is not a lien upon the homestead of the judgment debtor. *Lamb* v. *Shays*, 14 Iowa, 567; so in Illinois, *Green* v. *Marks*, 25 Ill., 221; and so in California, *Dorsey* v. *McFarland*, 7 Cal., 342. So also, a subsequent mortgage of the homestead by the husband and wife, takes precedence of a prior mortgage by the husband alone. *Alley* v. *Bay et al.*, 9 Iowa, 509.

It is conceded by the majority that a judgment is not a lien, unless it grows out of causes of action within one of the three exceptions named in the statute. It therefore devolves upon the party claiming under the exception to bring himself clearly within it. In *Stevenson et al.* v. *Marony*, 29 Ill., 532, WALKER J., in delivering the opinion of the Court says, "it devolves upon the plaintiff in execu-

tion, after it is shown that the debtor is within the statute, to rebut it, by establishing that the debt, or a part of it, was for the purchase-money or improvements made upon the homestead," they being the exceptions under the Illinois statute. I think the judgment creditors have not shown themselves within the exceptions; their debt was not con- tracted prior to the *purchase* of the property in controversy; nor was their judgment obtained prior to its actual occu- pancy as a homestead. And even if they had shown the one or the other, or both, they would not, under the doc- trine laid down in *Stevenson et al.* v. *Marony, supra,* be entitled to priority over the plaintiff, who is a mortgagee of the homestead title, and entitled thereunder to the home- stead rights of the mortgagors for only what remained after, nor until they show that they had exhausted the other property of the debtor.

In my opinion, the law applicable to this case is simply this: the debt of Frank & Sons, although contracted after the purchase of the property in controversy, if it had been reduced to judgment *before* the actual occupancy of the property as a homestead, such judgment would have been a lien upon it, and continued such, notwithstanding the subsequent occupancy; but the title having been acquired before the debt was contracted, and such title being fol- lowed by actual occupancy as a homestead before the debt was reduced to judgment; that such judgment never attached as a lien, and, therefore, cannot take precedence of the mortgage duly made, so as to bind the homestead.

I am told, in consultation, that my view of the case would leave it entirely in the power of a debtor, who had acquired the title to real estate before he contracted his debt, probably upon the fact of such ownership, by a selection and occupancy of it as a homestead to withdraw it from the reach of the creditor, and thus defeat him in the collection of the debt. But it is conceded that under

our exemption laws he may sell his real estate thus owned and with the money purchase a pair of horses, and wagon, which are exempt from levy and sale, or may exchange the same therefore, and thus withdraw it from the reach of his creditors, and defeat the collection of his just liabilities. Or he may exchange it for clothing for himself and family, and accomplish the same end; or, he may, before judgment, mortgage it for whiskey even, with which to besot himself and disgrace his family, as well as defeat his creditors. In all this the law will sustain him; but if he makes of it a homestead for his wife and children to shelter them from the storms of adversity, and in the protection of which he may raise his children to usefulness and honor, it is then in the view of the majority to be made liable for his debt, and his family deprived of the protection which, in my opinion, the law intended to afford.

A further answer to the objection may be found in the fact that the law has provided the exemption in advance, and when one persons trusts another, he does so in view of the law and with the knowledge that such debtor may withdraw his property from liability for the debt, by making it a homestead for his family, or in any of the methods named, or in many others; and if such creditor is not content with the personal liability of his debtor, he may take his lien upon the specific property and thereby hold it for the payment of his debt.

But the satisfactory answer to my mind is, that the law has exempted the property when it is made a homestead, provided the title was acquired by purchase before the debt was contracted. If any loss happens to creditors by a fair and liberal construction of the statute, it is a loss which is inseparable from the credit system, and certainly not the fault of the courts. In my opinion the judgment should be reversed, and the homestead exempted entirely from the lien of the judgment in favor of Frank & Sons.