CAMPBELL v. AYRES *et ux.*

1. **Res adjudicata: PARTIES.** The determination upon the merits of issues, joined on the allegations of a bill, filed by a judgment debtor, against the sheriff and a purchaser of certain real property sold at judicial sale to satisfy the judgment, is binding, as a prior adjudication of such issues, upon the creditor, the debtor, and those claiming through them.

2. **Homestead: ACTUAL OCCUPATION.** The officer, having an execution in his hands, is not bound to treat real estate of the defendant as a homestead, when it has not been actually occupied as such.

*Appeal from Polk District Court.*

THURSDAY, APRIL 6.

THIS is an action of right, involving the title to the same property as that forming the subject of litigation between these parties, reported in 9 Iowa, 213. Trial before referees, who found in favor of plaintiff's title. This finding was affirmed in the District Court, and defendants appeal.

*S. V. White* for the appellants.

*C. Bates* for the appellee.

WRIGHT, Ch. J. — Plaintiff claims title under a judgment and execution in favor of one Winchester, and against the defendant, William F. Ayres. This judgment was rendered in June, 1854. The execution was issued December 2, 1854, the levy made on the land in controversy January 10th, and the sale took place February 24th, 1855. Bates, the attorney of Winchester, bought the land in his own name, and assigned the certificate to plaintiff, who, in due time, obtained a sheriff's deed.

Defendants insist that this sale was irregular, and conveyed no title, for various reasons set up in their answer; as that a prior execution had been issued and levied upon another tract of land, which had not been sold, nor had the

levy been set aside; that the property sold for a grossly inadequate price; that there was fraud between the attorney, Bates, and plaintiff, Campbell, to keep from defendants knowledge of the sale, and cheat them out of their property; that the execution under which the sale was made was on its face irregular and void; that due notice was not given; that the property constituted the homestead of defendants at the time of the sale, and hence there was no power in the officer to sell until he had exhausted the other property of defendants. To these several grounds, except the last, plaintiff replies two former adjudications, and also insists that, if they were *res integra*, they were not sustained by the record, or, if sustained, they cannot avail to defeat his title. As to the last ground, he responds that the property did not constitute the homestead of defendants at the time of the levy and sale, and not until several years thereafter. And, as a further response, he also insists that the debt, to satisfy which the property was sold, was contracted long before the homestead was acquired, and that, though the defendants may have occupied the property as a home at the time of the levy, the existence of other property liable to execution could not affect the power of the officer to sell, nor plaintiff's title under such sale.

It will thus be seen, that the case opens a wide field of inquiry. If, however, either plea of former adjudication 1. RES AD- is sustained, we have but the single question of JUDICATA: parties. homestead remaining; and it seems to us that one of the adjudications, at least, must be considered conclusive. By reference to the case, as reported in 9 Iowa, 213, it will be seen that the defendant, William F. Ayres, filed his bill in equity against the present plaintiff, Bates, the purchaser, and McHenry, the sheriff, to set aside this sale, upon substantially the same grounds which are now urged against plaintiff's recovery. In that case the bill was dismissed absolutely after hearing upon the merits, and

is therefore entirely unlike *The State of Iowa* v. *Tilghman*, 6 Iowa, 496; *Rosse* v. *Rust*, 4 Johns. Ch., 300.

(The case of *McCabe* v. *McCabe*, at the present term, refers to the distinction between a dismissal without prejudice, and one absolute after a hearing upon the merits.) If the former suit had been discontinued or disposed of on some technical ground, or because the court had not jurisdiction, or if it was anything short of a *determination upon the merits*, the authorities cited might have some application. Nor is there any more force in the proposition that the parties are not the same. The present plaintiff and defendant (William F. Ayres) were the real parties to the former litigation; McHenry and Bates were the nominal parties merely. But if more than nominal, as relief was there denied, the present defendant (then plaintiff), absolutely and after a hearing upon the merits, and as this denial inured to the benefit of the present plaintiff, defendant cannot deny the conclusiveness of such adjudication, from the fact that other parties were also successful in the litigation which he thus initiated. It is not a case, thus far, where the parties are different under the rule insisted upon by defendants. And as to the claim that the wife of Ayres is a party to this proceeding, and was not to the former, defendant's position is equally untenable. She does not claim the property as her separate estate: the title, if in either, is in the husband. If she has any interest, she derives it through the husband (we speak now of the property on the assumption that it was not homestead at the time of the sale); and it is, therefore, very clear that the wife would be bound, equally with the husband, by the former adjudication. No case can be found, as we believe, holding otherwise. Upon this subject generally, without referring to the authorities cited by counsel and others in detail, see *Neaffie* v. *Neaffie*, 7 Johns. Ch., 1; *Campbell* v. *Ayres*, 1 Iowa, 257; 1 Greenleaf's Ev., §§ 522, 3, 189, 19, 20; *Carver* v. *Jackson*, 4 Pet., 85; *Case* v.

Campbell v. Ayres.

*Reeve,* 14 Johns., 81; *Kriechbaum* v. *Bridges,* 1 Iowa, 14; *Carl* v. *Kurte,* 17 Id; *Dows* v. *McMichael,* 6 Paige, 139; *Ogsbury* v. *La Farge,* 2 Com., 113; *Lansing* v. *Russel,* 13 Barb., 510; 2 Cow. & Hill's notes, 826; 5 Com., 550; *Gelston* v. *Hoyt,* 1 Johns. Ch., 548; 1 Peters, 202; *Kingland* v. *Spalding,* 3 Barb. (Ch.), 341; *Miller* v. *Maurice,* 6 Hill, 114; *Doty* v. *Brown,* 4 Com., 71.

We remark, in conclusion, on this branch of the case, that there is no foundation for the proposition, that the record of the former adjudication is not complete, and, therefore, not admissible. We understand that "the whole record," in the language of Chief Baron COMYNS, "which concerns the matter in question," is produced. Thus viewing this part of the case, we need not examine into the effect of the other adjudication, relied upon by appellee, which relates to the denial of defendants' motion to set aside the sale. Being estopped by this, the other is of no consequence.

As to the homestead claim, the case presents but little difficulty. At the time of the levy and sale, there was no 2. HOMESTEAD: house upon the property in controversy. A actual occupation. few rods south of it, upon a tract of five acres, which the referees found Ayres bought in the summer of 1855, was a cabin, into which they also find he moved in the same spring. Prior to this time, Ayres resided in Des Moines, at least one mile from the land. That the testimony sustained these findings is, to our minds, very clear. At the time of the levy and sale, then, these premises were not occupied by defendants as a home, nor had they been. Neither did they mark out and record them as such until long after the commencement of this suit, and after plaintiff had obtained the sheriff's deed. Under such circumstances, the homestead claim is entirely baseless. The sheriff was not bound to levy upon and sell other property, because, by possibility, defendants might subsequently

make this their homestead; nor could any talk or purpose, on the part of defendants, to select this as their future home, affect plaintiff's rights. And this conclusion disposes of this part of the case, as to the wife as well as the husband, and without reaching the question of the power of the officer to sell the homestead upon a debt, for which it might ultimately be liable, before exhausting the other property of the defendant on execution. The case of *Hale* v. *Heaslip*, 16 Iowa, 451, is much stronger in its facts in favor of the homestead claim than this, and the property was held liable; and see *Davis, Moody & Co.,* v. *Kelly,* 14 Id., 523, and *Charless* v. *Lamberson,* 1 Id., 435.

Affirmed.

COLE, J., having been of counsel, took no part in the determination of this case.