HYATT v. SPEARMAN et al.

1. **Homestead:** WHEN EXEMPTION ATTACHES. A homestead is not exempt from sale for the payment of debts, contracted prior to the time any improvements were made upon the land, and before it was used in any way as a home, or for the purposes of a homestead. COLE, J., dissenting.
2. —— DEBT CONTRACTED FOR. A homestead is not exempt from sale for the payment of a debt contracted for the purchase-money.

*Appeal from Henry District Court.*

MONDAY, JUNE 18.

THE petition in equity, charges that Frazier obtained a judgment against plaintiff and defendant Mann; that this judgment was obtained upon a note made to said Frazier in 1856, by plaintiff and said Mann; that the latter was the principal, and plaintiff the surety; that this was

known to Frazier, notwithstanding all which an execution was issued, placed in the hands of Spearman (as sheriff), and levied by him on eighty acres of land belonging to plaintiff, one-half of which constitutes his homestead. It is averred that Mann has ample property to pay the judgment, and the prayer is that the levy be released, that the creditor be enjoined from selling plaintiff's homestead, and required to make the debt from Mann the principal.

The answer fully denies the material allegations of the bill. The cause was heard upon depositions and exhibits: Judgment for plaintiff, and defendant appeals.

*A. H. Bereman* for the appellant.

*H. & R. Ambler* for the appellee.

WRIGHT, J. — The court below found that Mann was the principal, and Hyatt the surety in the note upon which Frazier recovered judgment. This question of fact settled, there seems to be no controversy as to the legal rights of the parties. For counsel do not differ as to the law upon this part of the case, but disagree as to the facts.

We have examined with much care and unitedly the testimony of the several witnesses, and are brought to the conclusion, that it does not warrant the relief asked. Plaintiff and Mann bought of Frazier one hundred and fifty acres of land. The note for which the judgment was recovered was a part of the consideration for this land. Some seven hundred and fifty dollars was paid in a nursery stock. Plaintiff claims that this was his. If this is true, then it follows, we think legitimately, that Mann should pay the balance due on this judgment. On the other hand, if it belonged to the parties jointly, then plaintiff has not paid his due proportion of the purchase-money. For he got ninety acres of land, while Mann got but sixty.

And if Mann owned one-half of the nursery, then it is beyond dispute that he has paid his full share.

And it is right here that, in our opinion, the controversy hinges.

Now, there is no dispute but that Mann did have a joint or equal interest in this nursery. Plaintiff claims, however, that he bought this interest before it was sold to Frazier, paying for it, as, he alleges was agreed, by certain improvements made by him on other lands of Mann; and that the whole amount ($750.15) was his payment, and not a payment by them jointly. But this fact it seems to us is not established with sufficient clearness to entitle plaintiff to recover. Mann was an equal owner certainly until about the time of the trade with Frazier. If there was a change as claimed, the burden of proof is upon the plaintiff to establish it. And upon this subject the proof is quite uncertain; entirely too weak to entitle a party to affirmative relief. This is true as applied to plaintiff's own testimony; while that offered by defendant in part expressly negatives it, and the fairly established facts render it quite improbable. Defendant expressly contradicts such an agreement in his testimony, points out how the improvements were paid for, while the decided weight of the testimony shows that they were not worth one-third of the estimated value of Mann's interest in the nursery. But aside from this it clearly appears that Mann was the father-in-law of plaintiff; that he was possessed of a fair property; while plaintiff had but little, if any, beyond his interest in the nursery; that Frazier regarded Mann as the responsible party; and that no one regarded plaintiff's name as of any particular value as a surety. And, indeed, the whole transaction impresses us with the belief that Mann was assisting plaintiff to procure a home; taking the sixty acres because Frazier could not let Hyatt have the ninety alone; and that if either was surety for

the other upon the part unpaid, it was Mann and not the plaintiff. And so finding from the testimony it follows that to this extent the judgment below was erroneous.

This conclusion renders the claim for relief, based upon the homestead exemption as between Mann and plaintiff, of but little moment. As it appears, however, that the debt was contracted *prior* to the time any improvements were made upon the land, and before it was ever used in any way as a home, or for the purposes of a homestead, the cases of *Hale* v. *Heaslip et al.*, 16 Iowa, 451, and *Page* v. *Ewbank*, 18 Id., 580, may be regarded (and are so regarded by a majority of the court, COLE, J., dissenting, as heretofore, on this question) as denying the right thus claimed. And if, as the testimony tends to show, the debt was contracted for the premises now claimed as exempt, or in other words, if this is a part of the consideration to be paid for the premises now claimed as the homestead, then it is clear that there could be no ultimate exemption. *Christy* v. *Dyer*, 14 Id., 438; *Cole* v. *Gill*, Id., 527.

But as the conclusion, reached on the first branch of the case, disposes of the main, if not, indeed, the only ground upon which plaintiff seeks relief, we need not further pursue this inquiry.

Reversed.

1. HOME-STEAD: when exemption attaches.

2. — debt contracted for.