Elston & Green v. Robinson.

---

ELSTON & GREEN v. ROBINSON.

**Homestead:** WHAT FIXES ITS CHARACTER: LIABILITY TO PRIOR DEBTS. Occupancy of the premises, the use of the house thereon by the family, as a home, is essential to invest the property with the home-

stead character. A mere intention to thus occupy it is not sufficient, though subsequently carried out; and it may, therefore, be subjected to a judgment rendered on a debt contracted prior to such occupancy, though not until after the purchase of the land upon which the improvements were subsequently made.

*Appeal from Story District Court.*

WEDNESDAY, JULY 31.

· THIS cause, an action to recover real property, was before us at the December Term, 1866, and will be found in 21 Iowa, 531. On the second trial it appeared that plaintiffs claim under an execution sale; that their judgment was rendered September 14, 1858, upon a note made November 3, 1856; that the sale was made March 26, 1860, and that defendant's husband, now deceased, obtained title October 8, 1856. He commenced building the house on the lot in controversy, in May or June, 1858; moved into it July, 1859, stayed one night, moved out next morning, returned in March 1860, and the family has resided there ever since. Some goods remained in the house from July, 1859 until 1860. The house was not comfortable, being unfinished, and for this reason it was unoccupied from July, 1859, to March, 1860. There was judgment for defendant, and plaintiffs appeal, assigning for error the action of the court in refusing and giving certain instructions.

The instruction refused was as follows: "If you find from the evidence that the debt upon which judgment was obtained, was contracted prior to the occupation of said premises as a homestead, it will be your duty to find for plaintiffs." That given and excepted to, was as follows: "If the jury find from the evidence, that J. P. Robinson, the husband of defendant, purchased the lot in question in 1856, prior to the time that the debt was contracted, and that he commenced making improvements

thereon, with a view of making it a home *prior to that time*, and continued to make such improvements from time to time as he was able to make them, and that before the judgment in question was rendered, had in fact erected a house thereon and moved into it, for the pur· pose of making it a home, and that during all that time, he had no other homestead, then said property was invested with the homestead character, and could not be sold on such execution, so as to divest the said Robinson's interest therein as a homestead, and if you find such facts, you will find for the defendant."

*J. S. Frazier* for the appellants.

*Porter & Thomson* for the appellee.

WRIGHT, J. — However correct the instruction asked may have been, in view of the only real issue in the case, it was still subject to the objection, that, thereunder, plaintiffs were entitled to recover without proof of title in themselves. In other words, it based their right to the property upon one single fact, a fact of no weight or significance, having no place in the case, until they had shown, at least, a *prima facie* right to recover. Their title was denied generally and in detail, and they had no right, therefore, to ask the court to assume that the only question was the one indicated by the instruction asked.

Upon plaintiffs' assumption as to the true state of the title, the instruction was correct, and should have been given. And thus viewing it, we now proceed to examine the instruction given.

The undisputed facts are, that the debt was contracted long prior to the occupation of the premises as a home- HOMESTEAD: what fixes its character: liability to prior debts. stead, and before any improvements were commenced thereon. The title was acquired before contracting the debt, and, at that time,

the property was apparently as liable as any other, not exempt, to discharge the same. It was not then invested with the homestead character. Nor did it have this character until after the judgment was rendered. That is to say, the fact that the owner commenced a building in May or June prior to the rendition of the judgment (in September, 1858), upon a lot owned before the debt was contracted, but which, by no act of the owner, had been otherwise impressed with the homestead character, would not make the same exempt. Under our statute, there is an unbroken series of decisions, that occupancy, the use of the house by the family as a homestead, are essential requirements to impress the property with the character of a homestead. A mere intention to occupy it, though subsequently carried out, is not sufficient. *Christy* v. *Dyer*, 14 Iowa, 438; *Cole* v. *Gill*, Id. 527; *Williams* v. *Swetland*, 10 Id. 51; *Charless & Blow* v. *Lamberson*, 1 Id. 435. This last case is the leading one on this subject in this State, and has been uniformly followed. And, according to the rule there recognized, this property was, beyond question, liable to the judgment.

Then, again, the case upon other facts, is quite as strong if not stronger for plaintiffs, than in the case of *Hale* v. *Heaslip* (16 Iowa, 457) followed in *Page* v. *Ewbank* (18 Id. 580). There the debt was contracted in September, 1857, the property bought in June of the same year, occupied as a homestead in March, 1859, and the judgment rendered in the next June. Here the title was acquired in October, the debt contracted in November, 1856, the judgment rendered in September, 1858, and the occupancy commenced in July, 1859. So that we have here, in fact a stronger case, inasmuch as the judgment was rendered before occupancy. And I remark that COLE, J., who dissented in the former, while he does not concede to this difference the full force claimed for it by

the majority of the court, admits its weight, and concurs in the conclusion reached upon the whole record, that the judgment below should be reversed.

·One or two other matters may be mentioned tending to the same result. The instruction given speaks of improvements made *prior to the time* the debt was contracted, and of the occupancy of the premises, *before* the rendition of the judgment, for all which there was no warrant whatever in the testimony, and the effect could only have been to mislead and confuse the jury.

Reversed.