Robb v. McBride.

ROBB, Admr., v. McBRIDE.

1. **Homestead:** ABANDONMENT: CHANGE OF. A temporary absence of several months, during which the homestead was in the possession of a tenant, was held not to work an abandonment thereof.

2. —— The sale of the homestead, and the investment of the proceeds in other property of the same character, will invest the latter with the homestead character, and exempt it to the same extent as the old one.

*Appeal from General Term, Second District (Monroe County).*

WEDNESDAY, JANUARY 5.

PROCEEDING in equity to set aside a deed made to the wife, Melinda, and subject the property therein conveyed to the payment of a judgment in favor of plaintiff's intestate against the husband, D. H. McBride. It is claimed that the conveyance was made to the wife in fraud of the rights of creditors.

To this it is answered, *first*, that the property was paid for with the money of the wife, and, *second*, that it is her homestead (the husband being dead), and as such not liable to this debt.

The General Term affirmed the judgment of the District Court, dismissing plaintiff's bill, and he appeals.

*Perry & Townsend* for the appellant.

*Daniel Anderson* for the appellee.

WRIGHT, J. — If either ground assumed in the answer is sustained by the proof, there is, of course, an end to plaintiff's case. Upon the first we need not express an opinion, as we unite in the conclusion that, upon the *second*, this judgment is right. The question of fact, Was there an abandonment of the homestead? we find for defendants. The evidence is somewhat conflicting, but it preponderates decidedly in favor of the proposition that the husband and wife left Albia, in Monroe county, and went to Madison and Warren counties for a temporary purpose, intending to return, and with no design of abandoning their home. They were gone a few months and did return; lived a few weeks with the wife's sister, until the tenant left their home; they at once took possession; the husband died soon after, and here the wife has continued to reside to this time. There was, then, no abandonment. The testimony we need not set out, nor further discuss.

At the time plaintiffs' debt was contracted, the husband and wife were in possession of one lot as a homestead, which was afterward changed for another, and which they occupied in the same way. This was sold, about the time they left for the temporary purpose as above explained, and they bought at once the property in controversy, with the proceeds of the other, and into this property they did not remove until after their return from their temporary absence, nor until a few days after plaintiff's judgment was recovered. Upon these facts, in accordance with the prior rulings of this court, it is held

that the property, as to this debt, was invested with the homestead character. The first and second purchases were certainly exempt, and the *third* is equally so. It is not as though this was the first homestead acquired, but of which possession was not taken until after judgment. That was Robinson's case, 23 Iowa, 208. ·

This case falls rather within the principle ruled in *Pearson* v. *Minturn*, 18 id. 36. And see *Sargent* v. *Chubbuck*, 19 id. 39.

Affirmed.