# COWGELL v. WARRINGTON.

1. **Homestead**: CHANGE OF: CONTRACT TO SELL THE NEW ONE BEFORE OCCUPANCY: NON-CONCURRENCE OF WIFE: CONTRACT VOID. Defendant sold his homestead in June, but did not give possession until the following February. About a month before giving possession he bought the house and lot in question, with the intention of making it his homestead, and he moved into the house, with his family, on the fifteenth of February. Prior to moving in, however, he contracted to sell and convey the property to plaintiff, but his wife did not concur in and sign the contract, and nothing was paid on it. *Held* that the property was invested with the homestead character from the date of the purchase; that defendant had a reasonable time from that date to make the change and move his family into the new house; that the contract for the sale and conveyance was void, because not signed and concurred in by the wife; and that plaintiff was not entitled to a decree for the specific performance of the void contract, nor to damages for the breach thereof.

*Appeal from Montgomery District Court.*

WEDNESDAY, JULY 22.

ACTION in chancery to enforce the specific performance of a contract to convey land, and for other relief. A decree for specific performance was denied, but a judgment for damages in the sum of $1,300 was rendered against defendant. Other facts of the case appear in the opinion. Both parties appealed; the plaintiff first.

*A. M. Walters* and *Smith McPherson*, for plaintiff.

*F. P. Greenlee, W. S. Strawn* and *M. W. Morsman*, for defendant.

BECK, CH. J.—I. The petition alleges that the defendant entered into a written contract with plaintiff for the sale of a certain house and lot. The terms of the contract need not be set out. It is also alleged that, by the agreement of the parties, defendant was to execute a mortgage to secure certain notes connected with the transaction, but, through oversight

or mistake, this agreement was not written in the contract. Plaintiff prays that the contract be reformed to accord with the agreement of the parties. The defendant admits the execution of the contract, but, as a defense to the action, alleges that the house and lot are his homestead, and that, his wife not having concurred in and executed the contract, it is void. The facts established without conflict in the evidence are substantially as follows: The defendant was the owner of a farm of 320 acres, upon which he, with his wife and family, had for many years resided. He sold his farm in June, 1883, for $11,000, receiving but a part of the purchase-money ($4,000) prior to the execution of the contract with plaintiff. He gave possession of the farm to the purchaser February 13, having, on the eighth day of the same month, executed to him a deed. After the sale of his farm, he proceeded to select another home, and on the eighteenth of January purchased the property in question. It was his purpose to reside upon this property, and to make it his home, but he had not moved into the house in question when the contract with plaintiff was made. He commenced the actual occupancy of the property with his family as a home on the fifteenth of February. Defendant's wife did not concur in and sign the contract with plaintiff.

II. Under the statutes of the state, defendant and his wife held a homestead in the forty acres of the farm upon which his dwelling-house was situated. Code, § 1990, provides that "a conveyance or incumbrance [of the homestead] by the owner is of no validity, unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." If the property in controversy was the homestead of defendant and his wife at the time of the execution of the contract with plaintiff, it is of no validity. Was the property involved in this action defendant's homestead when the contract was executed? Defendant had determined to change his place of residence,—to sell his old homestead and acquire a new one. This the statute authorized him to do. See

Code, § 2000. The law would secure to him a reasonable time in which to make the change, to purchase the new homestead and move into it. The acts of purchasing the new homestead and moving into it could not be simultaneous. After the purchase he would be allowed a reasonable time to make the change and remove his family to his new home. It is plain that, during the time intervening between the purchase of the new house and the moment of its actual occupation by plaintiff, it was his homestead. He had parted with his old home and bought a new one. If the homestead rights did not attach upon the purchase, and creditors or others could, upon contract of the husband, wrest it from the wife and family, it would be impossible for a change in the homestead to be made without the wife exposing to hazard her homestead rights. But this the law will not permit, for the statute which authorizes the change of homestead does not contemplate that, by attempting to exercise the rights conferred by it, the homestead itself may be lost. In support of these views, see *Robb v. McBride*, 28 Iowa, 386; *Benham v. Chamberlain*, 39 Id., 358; *Neal v. Coe*, 35 Id., 407; *State v. Geddis*, 44 Id., 537; *Furman v. Dewell*, 35 Id., 170; *Sargent v. Chubbuck*, 19 Id., 37; *Pearson v. Minturn*, 18 Id., 36.

There is language found in *Elston v. Robinson*, 23 Iowa, 208, to the effect that the occupancy of property is essential to impress upon it the character of a homestead, and that a mere intention, subsequently carried out, is not sufficient to protect it from creditors. The language of the decision is broader than the facts demanded, which were to the effect that the home claimed to be the homestead was in process of construction for about a year, and was not actually occupied for nearly a year after it was erected. It was held that the owner did not hold a homestead in it during this period. Of course the mere intention to occupy a house when constructed, or to acquire a house which shall in the future be occupied as a homestead, is a very different thing from the intention at

the start to change the homestead, accompanied by the inability to occupy the new house at once after the intention to change is formed, and the property which is to constitute the new homestead is acquired.

III. The district court held that the specific performance of the contract in suit could not be enforced, but awarded damages against defendant. We think, under the plain language of the statute, (Code, § 1990,) the contract is invalid, and defendant incurred no liability thereon. It is declared in the section just cited that a conveyance for the sale of a homestead, unless the wife concurs in and signs it, "is of no validity." Defendant bound himself to execute a conveyance, which, under the law, would have been void. Surely plaintiff can recover no damages for the failure of defendant to execute a void deed. But, if the contract is to be regarded as a conveyance, it is equally plain that defendant is not liable for damages thereon, for the reason that it is void.

It will be remembered that the plaintiff paid defendant nothing under the contract. Plaintiff holds no such equity as a creditor. He has lost nothing by the contract. He is simply endeavoring to recover against defendant upon a contract which the law declares is void. He was bound to take notice of the fact that the property was purchased for a homestead, and it is not made to appear that, through fraud or concealment, he was induced to enter into the contract, or part with money, property or any right. We reach the conclusion that he cannot recover damages against plaintiff upon the contract. These views are supported by *Barnett v. Mendenhall*, 42 Iowa, 296; *Donner v. Redenbaugh*, 61 Id., 269; and *Yost v. Devault*, 9 Id., 60.

Other questions arising in the case need not be considered. It is our decision that plaintiff can neither enforce the specific performance of the contract nor recover damages for its nonperformance, and that his petition be dismissed.

Affirmed on plaintiff's appeal. Reversed on defendant's appeal.