## BENHAM ET UX. v. CHAMBERLAIN & Co.

1. **Homestead:** CHANGE OF. The purchase of a homestead, with means derived partly from the sale of a former one and partly from other sources, not exceeding in value the first homestead, entitles the owner to hold it, exempt from debts contracted during, and subsequent to, the occupancy of the latter.

2. ————: ————: DEBTS CONTRACTED PENDING THE CHANGE. The sale of a homestead, with the intention of purchasing another, entitles a party to a sufficient time in which to carry out his intention, and if there be no unreasonable delay, he holds the new homestead exempt from debts contracted after the sale of the old one.

*Appeal from Clark District Court.*

FRIDAY, SEPTEMBER, 25.

ACTION in chancery to enjoin the sale on execution of property claimed by plaintiff as a homestead. There was a decree subjecting an undivided interest in the property to the judgment upon which the execution issued. Defendants appeal. The facts necessary to an understanding of the points ruled are set out in the opinion.

*Chaney, Beeson & Jolley,* for appellants.

No appearance for appellee.

BECK, J.—The plaintiff, John W. Benham, owned a farm of 132 acres, which he occupied with his family. Forty acres with the buildings thereon, under the law, was his homestead, and exempted as such from debts contracted after its occupancy. March 15th, 1871, he sold the farm for $2,600, and, about one year after, bought the property levied upon under the execution issued on defendant's judgment, with a small stock of groceries, all of which were paid for together, being bought in that way. The property in controversy is of the value of $435 and was, after its purchase, occupied by plaintiff as a homestead. It and the stock of groceries were paid for in part by notes received in payment for the farm; the

payment of the balance was made in property, or other means of plaintiff, John W. Benham; how or from whom the property was acquired does not appear.

The indebtedness upon which defendant's judgment was rendered accrued partly before and partly after the acquisition and occupancy by defendant of the property in question as a homestead. By the decree of the District Court the homestead was exempted from defendant's judgment to the extent of the payments made thereon by the notes received from the sale of the old homestead, and an undivided interest was permitted to be sold.

The interest exempted bore the proportion to the whole that the notes given in payment do to the whole amount paid for the property. Under this rule the undivied eight-seventeenths of the property were held exempt, and nine-seventeenths were held liable to defendant's judgment.

The question to be first considered has been settled by prior adjudication in this court.

I. A homestead may be changed and another acquired exempt from debts contracted after the acquisition of the first. Code, § 2000. Rev. § 2288. *Pearson v. Minturn*, 18 Iowa, 36. *Sargent v. Chubbuck*, 19 Iowa, 38. *Robb v. McBride*, 28 Iowa, 386.

In the case first cited it was held that a debt contracted prior to the occupancy of the second homestead, but after acquisition of the first, could not be enforced against the former. The rule is followed in the other cases, and in the second it was decided that the purchase of the second homestead with the proceeds in part of the first and other means, entitled the owner to hold it exempt from debts contracted subsequent to the occupancy of the old homestead. In this respect the case before us does not differ from that one. The doctrine is based upon sound reason. The proceeds of the sale of the first homestead, whether money or property, are added to the other assets of the seller. If he uses property or money other than the proceeds of his old homestead to buy a new one, his creditors are not injured, for they may reach the proceeds of his old homestead on execution, just as they could other property,

after the purchase of his new homestead. No good reason can be given why the identical money or property received for the first homestead shall be used in the purchase of the second.

II. A part of the indebtedness accrued after the sale of the old homestead and before the purchase of the new. It also appears that it was plaintiff's intention to purchase a *2. ——: ——: homestead* after the sale of his farm. It is not shown that there was any unnecessary delay in carrying out this intention, or that the credit was given to him on the strength of the supposition that he had abandoned his homestead rights. Certainly if a party may by sale change his homestead, the law will allow him a sufficient time in which to exercise the right, and if he does not gain credit on account of the transaction, he ought to hold the new homestead free from debts contracted after the sale of the old one.

<span style="margin">2. debts contracted pending the change.</span>

The defendants, under the evidence before us, ought not to enforce their judgment against plaintiff's homestead.

The decree of the District Court is reversed and a decree will be entered restraining the sale of the property in question.

REVERSED.