## GREEN v. FARRAR & WHEELER.

1. **Homestead**: MORE THAN FORTY ACRES: FAILURE TO PLAT.  Where it was properly determined, under the provisions of sections 2002-2005 of the Code, that the whole of an execution defendant's farm of one hundred and sixty acres was exempt as a homestead, being less in value than five hundred dollars, it was held that the fact of its not having been platted as such prior to the levy of the execution upon a portion of it, would not render it liable to sale under such levy.

2. ———: PURCHASE: WHAT CONSTITUTES.  The entry of land under the homestead laws of the United States constitutes a purchase of the homestead, as contemplated in section 1992 of the Code.

3. ———: ———: CONVEYANCE TO WIFE.  The conveyance of a homestead by a husband to his wife does not render it liable to debts of the wife contracted prior to such conveyance.  The exemption being for the benefit of the family, the homestead character which the property possessed while owned by the husband is not divested by such transfer.

*Appeal from Dickinson Circuit Court.*

THURSDAY, APRIL 22.

THE plaintiff brings this action in equity to quiet her title to eighty acres of land.  The defendants claim the land under a sheriff's deed, executed April 6, 1878.  The court granted the plaintiffs the relief prayed.  The defendants appeal.  The material facts are stated in the opinion.

*J. W. Cory*, for appellants.

*Rice & Baily*, for appellee.

DAY, J.—I.  The facts material to a determination of this case, stated as nearly as practicable in chronological order, are as follows:  About the year 1867, Lucy M. Green and her husband J. A. Green entered upon the possession of the east half of the northeast quarter, the southwest quarter of the northeast quarter, and the southeast quarter of the northwest quarter of section five, township ninety-eight, of range

thirty-seven, which includes the land in controversy. On the 31st day of December, 1873, J. A. Green executed to the defendants Farrar & Wheeler two notes, each for the sum of thirty-six dollars, for the purchase of a sewing machine. On the 15th day of July, 1875, the one hundred and sixty acres of land above described was patented to J. A. Green, pursuant to the provisions of the act of congress, approved May 20, 1862, to secure homesteads to actual settlers on the public domain. The plaintiff and her husband have occupied said lands as their homestead ever since their original entry upon them. On the 14th day of September, 1876, J. A. Green, for the expressed consideration of $2,500, conveyed all of said land to his wife Lucy M. Green. On the 16th day of November, 1876, Farrar & Wheeler recovered judgment on said notes against both J. A. Green and Lucy M. Green. Pursuant to execution issued upon this judgment, the property now in controversy was levied upon as the property of Lucy M. Green. After the levy, and before the sale, a controversy arose between the parties as to whether the property was exempt from sale under execution, and the defendants in that proceeding notified the sheriff that they claimed all of said land as part of their homestead, exempt from execution under chapter 8, title 13 of the Code of 1873. The sheriff, thereupon, proceeded to the selection of a jury as prescribed in sections 2002 and 2003 of the Code. This jury made due report, on the 27th day of March, 1877, that the homestead of J. A. Green and Lucy M. Green embraces all of the one hundred and sixty acres af land above described, is of the value of $487, and includes the eighty acres levied upon under the judgment in favor of Farrar & Wheeler. At the May term, 1877, of the District Court, Farrar & Wheeler filed a motion to dismiss the action and finding of the homestead appraisers, which was overruled. They thereupon filed a motion to refer the matter for a report of the facts. This motion was sustained, and then other referees were selected as provided in section 2004 of the Code. These ref-

erees reported that Lucy M. Green is the wife of J. A. Green, and that they were married and living together at the date of the commencement of this proceeding; that they occupied all of the one hundred and sixty acres of land before described, and that it is owned by Lucy M. Green; that the reasonable value of the land is three hundred dollars, and of the improvements one hundred and twenty-five dollars, and that the homestead is not platted nor on record, as provided by the statute. On the 5th day of November, 1877, Farrar & Wheeler moved to refer the proceedings to other referees. This motion was overruled, the report of the referees was approved and confirmed, and the extent of the homestead of the defendants in that proceeding was determined to embrace all of the one hundred and sixty acres of land above described. Pending these proceedings the land in controversy was, on the 6th day of April, 1877, under said execution, sold to Farrar & Wheeler, and on the 6th day of April, 1878, a sheriff's deed was executed to them therefor. Under this deed they claim the land.

Section 1996 of the Code provides that the homestead must not, in the aggregate, embrace more than forty acres, but if when thus limited its value is less than five hundred dollars, it may be enlarged till its value reaches that amount. It has been deter-

1. HOME-
STEAD: more
than forty
acres: failure
to plat.

mined, under the provisions of the Code, sections 2002–2005, that the homestead of these parties, when so extended as to include all of the one hundred and sixty acres, is of less value than five hundred dollars. It is claimed by appellant that these provisions are not applicable to this case, because the homestead had not been platted and recorded. This position, we think, is not sound. Section 1998 of the Code provides that a failure to mark out, plat, and record the homestead, does not render it liable. If the homestead is not rendered liable, the parties must be entitled to the benefits of all of the provisions of the chapter for the purpose of determining the extent of the exemption.

II. It having been in the proper manner determined that the homestead exemption of the defendants includes the land in controversy, the only question which remains is whether the homestead of the defendants is exempt from sale for the satisfaction of the Farrar & Wheeler judgment. Section 1992 of the Code provides that the homestead may be sold on execution for debts contracted prior to the purchase thereof. The debt in question was contracted on the 31st day of December, 1873. The title to the property in question was acquired under the act of congress, approved May 20, 1862, to secure homesteads to actual settlers on the public domain, and the acts supplemental thereto. Section 2290 of the revised statutes of the United States provides that upon filing of a prescribed affidavit and the payment of ten dollars, when the entry is for more than eighty acres, a person shall be permitted to enter the amount of land specified. The making of such entry, for the purpose of acquiring a homestead, constitutes, we think, a purchase of the homestead as contemplated in section 1992 of the Code. Section 2291 of the revised statutes provides that no patent shall issue for the land until the expiration of five years from the date of entry. The patent, in this case, issued on the 15th day of July, 1875. It follows that the payment and entry, for the purpose of homesteading, must have been as early as July 15, 1870, which is before the debt in question was contracted. The evidence, in fact, shows that the parties were in possession of the property as early as 1867, but whether they were then allowed to enter it under the homestead act does not appear. We have not deemed it necessary to consider the provisions of section 2296 of the revised statutes of the United States, which declares that "no lands acquired under the provisions of this chapter shall in any event become liable to the satisfaction of any debt contracted prior to the issuing of the patent therefor." It is claimed that this exemption cannot apply, because of the sale of the lands to Lucy M. Green. However this may be, we

*2. ——: purchase: what constitutes.*

*3. ——: ——: conveyance to wife.*

are of the opinion that the sale does not affect the exemption under the State law. The homestead exemption is for the benefit of the family, whether the property be owned by the husband or wife. Code, section 1988. The property did not cease to be the homestead of the parties upon the transfer of the title to the wife, nor did the date of the homestead exemption become that of the transfer. The parties might have sold this homestead, and with the proceeds acquired a new one in the name of the wife, which, to the extent in value of the old homestead, would have been exempt in all cases in which the old homestead would have been exempt. Code, sections 2000 and 2001. *Marshall v. Ruddick*, 28 Iowa, 487; *Pearson v. Minturn*, 18 Id., 36; *Sargent v. Chubbuck*, 19 Id., 37.

If a new homestead could thus be acquired in the name of the wife, which would be exempt from execution, no reason can be given why the old homestead may not be conveyed to the wife without losing its exemption. We feel clearly of opinion that the homestead is not liable for the Farrar & Wheeler judgment.

AFFIRMED.