LAY v. TEMPLETON ET AL.

1. **Homestead:** CHANGE OF: LIABILITY FOR DEBTS. A new homestead of no greater value than the old one, though purchased in part with proceeds of the old one, and in part with other means, is exempt from the debts of the owner, contracted subsequently to the occupancy of the old homestead.

*Appeal from Greene Circuit Court.*

SATURDAY, OCTOBER 21.

THIS is an action in equity to subject certain town lots, the legal title to which is in the defendant, Sarah A. Templeton, to the payment of a judgment recovered by the plaintiff against the defendant, S. H. Templeton. The court granted the relief prayed as to all the property in controversy, except two lots, which the court held were exempt from execution as the homestead of the defendants. From the dismissal of the petition as to these two lots the plaintiff appeals. The facts are stated in the opinion.

*C. H. Balliet* and *Brown & Carney*, for appellant.

*L. A. Ellis* and *Russell & Tolliver*, for appellee.

DAY, J.—The judgment to which the plaintiff seeks to subject the property in question was recovered March 9th, 1881, upon an indebtedness contracted August 1st, 1873. In

1871, the defendant, S. H. Templeton, owned a house in Nevada, which he and the defendant, Sarah A. Templeton occupied as their homestead. About the first of April, 1875, the defendant sold this homestead in Nevada to Pierce for $1,525. On the 26th day of April, 1875, S. H. Templeton contracted for the purchase of the lots in question in Scranton for $325, of which he paid one fourth down, and the balance in one, two and three years.

He immediately commenced the errection of a small house upon these lots, and about the 1st of July, 1875, they moved into the house and have since occupied it as their homestead. For the Nevada homestead Pierce paid $200 in money, and the balance of the proceeds went to pay debts to Pierce and other parties. This $200 was applied in part to the payment for the lots, and in part to improving them. The remainder of the proceeds which went into the acquisition of the new homestead arose from the sale of personal property of defendant, S. H. Templeton. S. H. Templeton assigned his interest in the lots to Sarah A. Templeton, and on the 21st day of February, 1880, they were deeded to her. The intention at the time of selling the Nevada homestead was to get another homestead as soon as possible. It is not claimed, and could not be from the testimony, that the Scranton homestead is more valuable than the Nevada homestead. The question involved is whether the new homestead is exempt from liability for the debt in question under the provisions of sections 2000 and 2001, authorizing a change of homestead. We think the Scranton homestead is exempt under the doctrine announced in *Benham v. Chamberlain*, 39 Iowa, 358, which holds that the purchase of a second homestead, with the proceeds in part of the first and other means, entitles the owners to hold it exempt from debts contracted subsequently to the occupancy of the old homestead. See, also, *Sargent v. Chubbuck*, 19 Iowa, 37. The case of *Givans v. Dewey*, 47 Iowa, 414, upon which appellant relies, differs in essential respects from these cases and from the case at bar. In that case the old home-

stead was disposed of in satisfaction of a debt for which it was liable, and the property sought to be held as a home-stead had no buildings upon it. The judgment of the court below is.

AFFIRMED.