SOPHIA WHITE AND JOHN D. WHITE v. D. R. KINLEY, Sheriff; JOHN THOMAS, Intervener, Appellant.

**Change of Homestead.** Where the first homestead was in a tract
1 of one hundred and seventy acres, which tract, with a creamery upon it, was worth six thousand dollars, a finding that the homestead forty acres therein equaled nine hundred dollars, the value of the second homestead will not be disturbed; and it is not essential that
2 money received for the forty, alone, was actually invested in the new homestead.

SAME: WIFE'S DEBT. That the second homestead is taken in the wife's
3  name, does not render it liable to debts made by her before she
   acquired it.

*Appeal from Linn District Court.*—HON. JAMES D.
GIFFEN, Judge.

FRIDAY, DECEMBER 14, 1894.

THIS is an equitable action, by which the plaintiffs
seek to enjoin the defendant Kinley, who is sheriff of
Linn county, from selling a house and lot of the plain-
tiffs upon an execution against plaintiffs and in favor
of John Thomas, intervener and appellant.   There was
a decree for the plaintiffs, and the intervener appeals.
*Affirmed.*

*Herrick & Hicks* for appellant.

*Thompson & Stewart* for appellees.

ROTHROCK, J.—I. The plaintiffs are husband and
wife.   They reside on the property in controversy, and
claim that it is exempt from execution because it is
their homestead.   The title to the lot is held by the
wife.   It is situated in the city of Marion, and is not
greater in extent than the homestead authorized by
law.   It is conceded that the debt for which the judg-
ment was rendered was contracted before the home-
stead was acquired.   But the plaintiffs claim that they
owned another homestead before the debt was con-
tracted, which they sold, and purchased the house now
in controversy, and that the transaction was such a
change of homestead as is authorized by section 2000
and 2001 of the Code, by which the owner of a home-
stead may change his home, and hold the new acquisi-
tion exempt from execution, to the extent in value of
the old, "in all cases where the old or former home-
stead would have been exempt."   It appears from the
pleadings and evidence, and from a written admission

of the parties made upon the trial, that John D. White was the owner of a farm of one hundred and seventy acres in Delaware county, upon which he and his wife, and other members of his family, resided as a homestead, and that neither of the plaintiffs owned any other land. The farm was sold in February, 1892, and soon thereafter the house and lot in controversy was purchased, and the title was taken in the name of Sophia White.

It is averred in the petition of intervention that the farm and a creamery alleged to belong to John D. White was of the value of six thousand dollars. The homestead in controversy is of the value of nine hundred dollars, and it was purchased and paid for with the proceeds of the "homestead and land sold in Delaware county." The ground upon which a reversal of the decree is demanded is that there is no evidence that the homestead right in the farm equaled the value of the new homestead. It is to be conceded that there is no direct evidence that the homestead forty acres in the farm was worth nine hundred dollars, and that that was a fact necessary to sustain the claim of the plaintiffs. If, however, it can be found from the evidence of the value of the farm that the homestead was worth nine hundred dollars, this is sufficient. It was not incumbent on the plaintiffs to introduce evidence showing the value of the homestead forty separate from the value of the farm as a whole. If the value of the farm as a whole was worth sufficient so that every forty acres of it would equal the new homestead in value, this ought to be held sufficient. It is to be remembered that it was not incumbent on the plaintiffs to show that the money received for the homestead forty acres alone was actually invested in the new homestead. The purchase of a second homestead with the proceeds in part of the first, and other means, protects the new homestead,

when the value of the second does not exceed that of the first.  *Lay v. Templeton*, 59 Iowa, 684, 13 N. W. Rep. 766; *Benham v. Chamberlain*, 39 Iowa, 358.  Of course, courts can not take judicial notice that a forty acre homestead in Delaware county is of the value of nine hundred dollars.  But we think, taking this whole record (including the claim of intervener, in his petition, that the farm and creamery were worth six thousand dollars, and the fact that White owned no creamery), the district court correctly found that the homestead forty acres was at least of the value of nine hundred dollars.  We are the more ready to approve of the decree because the brief record of the case, and the manner in which it appears to have been presented to the district court, impress us that the fact now in controversy was not really a matter of contention on the trial.

II.   It is said that the old homestead was owned by John D. White, and the new one is the property of his wife, and is liable for her indebtedness contracted before she acquired it.   It was held in *Green v. Farrar*, 53 Iowa, 426, 5 N. W. Rep. 557, that the conveyance of a homestead by a husband to his wife does not render it liable for the debts of the wife contracted prior to such conveyance.   It is said in that case that:   "The property did not cease to be the homestead of the parties upon the transfer of the title to the wife.   *   *   *  The parties might have sold this homestead, and with the proceeds acquired a new one in the name of the wife, which, to the extent in value of the old homestead, would have been exempt."   The decree of the district court is AFFIRMED.