L. M. MANN, Appellant, v. BENTON CORRINGTON.

**Homestead.** Vacant land exchanged for a homestead, or bought with its proceeds and held in good faith, for use as a home, may be claimed as a homestead. Whether such land is subject to antecedent debts incurred before a building is erected, is not decided. *Christy v. Dyer,* 14 Iowa, 438; *Elston v. Robinson,* 23 Iowa, 209, and *Givans v. Dewey,* 47 Iowa, 414, *distinguished,* and last case explained and qualified.

*Appeal from Polk District Court.*—HON. STEPHEN F. BALLIET, Judge.

TUESDAY, DECEMBER 18, 1894.

Action at law for the recovery of damages alleged to have been sustained by reason of a breach of contract on the part of the defendant. There was a trial by jury, and a verdict and judgment for the defendant. The plaintiff appeals.—*Affirmed.*

*C. C. & C. L. Nourse* for appellant.

*John L. Dana* and *John A. McCall* for appellee.

Robinson, J.—On the thirty-first day of August, 1891, the plaintiff conveyed to the defendant and his wife four lots in Mann's First addition to Oak Park, and received in payment a mortgage on the lots for five hundred dollars, and a conveyance of property in the town of Nevada, which the grantors then occupied as a homestead. After the transaction was closed, the defendant visited Des Moines, and, while there, signed an instrument in writing, of which the following is a copy: "Des Moines, Iowa, Oct. 14, 1891. This memorandum will witness that L. M. Mann agrees to convey

to Benton Corrington, by a good warranty deed, the west forty-two (42) feet of lot one (1) of Bates addition to North Des Moines, Iowa, and the east ten (10) feet of lot one (1), Hedges addition to North Des Moines, Iowa. Said Corrington is to assume the payment of a mortgage for $1,000.00, and interest from July 1, 1891, at 7½ per cent. interest; and said Benton Corrington agrees to give a mortgage, which shall be second to the $1,000.00 above described, to said L. M. Mann, on said described property for $1,200, to be paid as follows: $400 in one year, $400 in two years, and $400 in four years, with eight (8) per cent. interest, payable semi-annually. Said Corrington is to convey, by a good warranty deed, lots 91, 92, 93, and 94 of L. M. Mann's First addition to Oak Park, subject to a mortgage of $500.00 and interest. This conveyance to be made to L. M. Mann or order, and both parties are to furnish abstracts of title at the expense of each. This contract is to be fulfilled and completed at Des Moines, Iowa, said deeds to be passed on or before twenty (20) days." This action was brought to recover the sum of three thousand seven hundred dollars, as damages alleged to have been caused by the failure of the defendant to do what the instrument required of him. The defendant denies that he is in any manner indebted to the plaintiff, and alleges that the writing upon which a recovery was sought, was to take effect and be in force only in the event that his wife should approve it; that it was not so approved; and that, on the day after it was signed by the defendant, he and his wife notified the plaintiff by mail that she disapproved it, and would not execute the instruments necessary to carry it into effect; and that the negotiation was at an end. The defendant further alleges that the four lots in question were obtained by himself and his wife in exchange for their homestead, for the purpose of being used as a homestead, and have

always been held for that purpose. The jury were instructed to first determine whether the lots in question were held by the defendant and his wife as a homestead, and, if they were so held, to return a verdict for the defendant. The jury returned a special finding to the effect that the lots were held for homestead pur poses, and a general verdict for the defendant.

I. Section 1990 of the Code provides that a conveyance or incumbrance of a homestead by the owner "is of no validity unless the husband and wife, if the owner is married, concur in and sign the same joint instrument." If the lots in question were impressed with the homestead character when the writing in suit was signed, it was of no validity, for the reason that its provisions were not separable, and it must be held valid or invalid as a whole. It is not questioned that the lots subject to the mortgage were obtained in exchange for the homestead of the defendant and his wife. A homestead once acquired may be exchanged for another, and, when that is done, the homestead privileges and rights attach to the new as they formerly did to the old homestead. Code, sections 2000, 2001. In this case the lots had not been occupied by the defendant and his wife, and were unimproved when this writing was signed; and they had the right to remain in their old homestead in Nevada until the first day of November. Both testified that they obtained the lots for the purpose of building on them, and making them their homestead; and, while there is evidence which tends to show that they were ready to abandon their purpose, yet the jury were warranted in finding that they had not done so. It is said, however, that a homestead must include the house used by the owner as a home, and that the homestead right cannot attach to unimproved lots. It is well settled that, as a general rule, a mere intention to occupy property as a home

does not give to it the character of a homestead before
it is actually occupied for that purpose. *Christy v.
Dyer*, 14 Iowa, 438; *Elston v. Robinson*, 23 Iowa, 209.
But that rule applies especially to the original acquisi-
tion of a homestead. It is not of universal application
to new homesteads acquired in exchange for old ones.
Thus, in *State v. Geddis*, 44 Iowa, 537, it was said that
as the statute gives an absolute right to the owner of a
homestead to exchange it for another, without provid-
ing how it shall be done, a reasonable construction to
effect the object of the statute must be adopted. It
was further said that "the length of time intervening
between the sale of the old and the acquiring of the
new, is not essentially a controlling circumstance. A
considerable lapse of time may not be inconsistent with
an honest intention to change the homestead." In that
case a homestead had been sold, a mortgage on it had
been taken to secure the larger part of the purchase
price, the mortgage was foreclosed, and the premises
were sold under the decree of foreclosure. Redemption
from the sale was made by paying the required amount
to the clerk of the court about two years and a half after
the original sale of the homestead; yet this court held
that, as the intention to change the homestead was
properly shown, the money thus paid was exempt from
garnishment in the hands of the clerk. In *Cowgell v.
Warrington*, 66 Iowa, 666, 26 N. W. Rep. 266, it was held
that the law would secure to the owner of a homestead
a reasonable time in which to exchange it for another,
and in support of that conclusion it was said: "If the
homestead rights did not attach upon the purchase, and
creditors or others could, upon contract of the husband,
wrest it from the wife and family, it would be impos-
sible for a change in the homestead to be made with-
out the wife exposing to hazard her homestead rights.
But this the law will not permit, for the statute which

authorizes the change of homestead does not contemplate that, by attempting to exercise the rights conferred by it, the homestead itself may be lost." This case also recognizes the distinction between the acquiring of an original homestead and the obtaining of another by exchange. See, also, *Robb v. McBride*, 28 Iowa, 386; *Furman v. Dewell*, 35 Iowa, 170; *Benham v. Chamberlain*, 39 Iowa, 358; Thomp. Homest. & Ex. section 247. In *Bank v. Hollinsworth*, 78 Iowa, 575, 43 N. W. Rep. 536, it was said that there must be actual occupancy to give the homestead character. The case involved a change from one homestead to another, and one of the questions determined was when the homestead character was transferred from one to the other. The facts in that case distinguish it from those in which there has been an exchange of homesteads and a reasonable delay in occupying the new one. It is said that the case of *Givans v. Dewey*, 47 Iowa, 414, is decisive of this. In that case it appears that Givans had acquired and occupied a homestead. At the time of the purchase, he executed a mortgage on the premises to secure a part of the purchase price. He was unable to discharge the mortgage and retain all of the premises, and to save a part of them, he transferred to the holder of the mortgage, in payment of it, the south part of the premises, which included the house. The north part was retained by Givans, and some improvement made on it, with the purpose of occupying it as a homestead at some future time. It was held that the homestead character did not attach to the part reserved. That case did not decide that the homestead character would not attach to premises until they were actually occupied as a home. On the contrary, it was intimated that the owners of a homestead might sell it and, with a part of the proceeds, buy vacant land, and hold it exempt while erecting thereon a house. What was

said in regard to the right of the owner to invest money not obtained from a homestead in the erection of a house was not necessary to a determination of the case. In *Lay v. Templeton*, 59 Iowa, 684, 13 N. W. Rep. 766, it appeared that the defendant had sold a homestead for one thousand five hundred and twenty-five dollars, of which he received in money only two hundred dollars, the remainder being applied in payment for debts due to the purchaser and to others. About a month after the sale, the defendant contracted for the purchase of two lots for the sum of three hundred and twenty-five dollars, of which he paid one-fourth in cash, and was to pay the remainder in one, two, and three years. He immediately commenced the erection of a house on the lots, and moved into it about three months after the sale of his former homestead. Of the two hundred dollars in money received for the latter, a part was applied in paying for the lots, and a part in improving them. The remainder of the money which went to the acquisition of the new homestead was obtained from the sale of personal property of the defendant. It was held that the new homestead could not be subjected to the payment of a debt contracted before the first homestead was obtained, but before it was sold. The right of the owner to use means not obtained from the sale of the old homestead, but not in excess of them, was recognized and applied, following *Benham v. Chamberlain*, 39 Iowa, 358. The case of *Givans v. Dewey, supra,* was referred to and distinguished. We conclude that the homestead right may exist in vacant land for which a former homestead has been exchanged, or which has been purchased with the proceeds of such a homestead, when the land was thus obtained, and is held in good faith for use as a home. And the homestead character of the land will not be affected by the fact that it cannot be improved, and a dwelling house erected thereon,

from the proceeds of a former homestead. That in such a case an interest in the new homestead might be subjected to the payment of debts contracted before the house was erected may be true, but that is a question not involved in this case. If the lots in controversy were obtained by the defendant and his wife in good faith for the purpose of improving and occupying them as a home, and that purpose had not been abandoned when the writing in suit was signed, the homestead character was attached to the lots, and the writing was void. The evidence was sufficient to sustain both the special finding and the general verdict of the jury.

II. The wife of the defendant testified upon cross-examination that she and her husband had been living in and near Nevada for about sixteen years. She was then asked the question, "You have several farms there, have you not?" An objection to this question was sustained, and of that appellant complains. We think the ruling was right. The purpose of the question was not shown, and it did not appear to be relevant to any issue in the case.

III. The conclusions we have announced dispose of all questions discussed by counsel which were involved in the special finding, and it is unnecessary to determine any others, for the reason that, even if error was committed by the District Court on other branches of the case, it could not have been prejudicial. The judgment of the District Court is *affirmed.*