Henry Boettger and Maria Boettger, Appellants, v. Laura Galloway and D. A. Downing, Sheriff, Appellees.

**Change of Homestead:**   EXEMPTIONS: *Property bought with loan on homestead.* Under Code, section 2981, allowing a change of homestead without the loss of the right of exemption, property purchased with money borrowed on security of a homestead is not itself a homestead.

*Evidence as to funds with which purchase was made.* Where defendants obtained $300 by mortgaging their homestead, which they continued to occupy until the mortgage was foreclosed, after which they occupied rented premises for eight or nine years, and finally purchased other property for $275, under an agreement to pay therefor in small installments, which were not always paid when due, their testimony that the latter property was purchased with the proceeds of the mortgage on the former was too improbable insufficient to establish that fact.

*Appeal from Cedar District Court.*—Hon. W. N. Treichler, Judge.

FRIDAY, JANUARY 24, 1902.

ACTION in equity to enjoin execution sale of a homestead. The district court denied the relief prayed for, and plaintiffs appeal.—*Affirmed.*

*Wright & Wright* for appellants.

*Preston & Moffit* and *D. D. McGillvary* for appellees.

WEAVER, J.—The execution sought to be enjoined issued upon a judgment which antedates by several years the purchase of the alleged homestead by appellants, and the levy was rightfully made, unless we find the property exempt under Code, section 2981, allowing a change of homesteads without loss of the right of exemption. Under this section it has been held that the owner may sell his homestead for the purpose of obtaining another, may for a reasonable time hold the money so received exempt from execution (*Schuttloffcl v. Collins,* 98 Iowa, 576), and may invest such money in a new homestead, which shall also be exempt, to the extent of the value of the old one (*Benham v. Chamberlain,* 39 Iowa, 358; *Lay v. Templeton,* 59 Iowa, 684; *Cowgell v. Warrington,* 66 Iowa, 666. Appellants do not claim that the property in controversy was purchased with the proceeds of the sale of a former homestead, but say that in 1880 they mortgaged a homestead then held by them to secure a loan of $300, which money was obtained with the express purpose of purchasing a new home, and was in fact, after a delay of some 10 years, invested in the purchase of the lot where they now reside, and upon which the levy complained of has been made. In our judgment, the statute will not bear the interpretation given it by appellant's counsel, and, in the absence of a statutory ground of exemption, the property

is subject to the claim of the judgment creditor. Neither do any of the cases cited go to the length claimed for them. It by no means follows, as a matter of interpretation, logic, or equity, that, because the purchase of one homestead with the proceeds of the sale of another has the effect to clothe the latter with the exemption which the former enjoyed, a like immunity may be rightfully claimed for a homestead purchased with borrowed money secured upon a former homestead. This proposition is so obvious that no argument or illustration would seem to be required.

We may also say that, if the law were to be construed in accordance with appellant's contention, we should still be compelled to hold that the evidence is insufficient to sustain a decree in their favor. They borrowed the money in 1880 with the intention, as now alleged, of purchasing a new homestead, but they continued to occupy and enjoy the old homestead until foreclosed out of it under the very mortgage given to secure that loan. Thereafter, according to their testimony, though harrassed by debts which they could not pay, they kept this identical money in their possession while moving from one rented home to another, for 8 or 9 years, when they purchased their present homestead. Even then, though the purchase price was but $275, and they had the money in hand to pay it all at once, they took the property upon contract for deed, agreeing to pay in small installments, with 8 per cent. interest, covering a period of several years; and those payments were not always made when due. This story is not reasonable, and the testimony offered in its support is not sufficient in amount or character to neutralize or remove its inherent improbability.

The judgment of the district court is AFFIRMED.