MICKELWAIT ET AL. V. LELAND ET AL.

1. **Contract:** FOR CONVEYANCE OF REAL ESTATE: FORFEITURE. Section 3329 of the Code, providing for the foreclosure of contracts for the conveyance of real estate, is permissive only, and simply provides a remedy not before existing; it does not prohibit the vendor from declaring a forfeiture of the contract in accordance with its terms.

*Appeal from Mills District Court.*

FRIDAY, OCTOBER 22.

ACTION to foreclose a mortgage upon certain real estate. There was a trial upon the merits, and decree dismissing plaintiffs' petition, and they appeal.

*Watkins & Williams*, for appellant.

*Hale, Stone & Proudfit*, for appellees.

ROTHROCK, J.—I. Upon the trial of the case the judge of the District Court filed the following findings of fact and conclusions of law:

"1. That on the 1st day of March, 1875, the defendant H. S. Russell, trustee, made to the defendant Leland a written contract of sale of lot No. 3, in block 43, of the town of Malvern, Mills county, Iowa.

"2. That by the terms of said contract, and as consideration thereof, said Leland agreed to pay to said Russell money as follows: On the 1st day of March, 1876, $25; on the 1st day of September, 1876, $30; which said payments by the terms of said contract were to be paid promptly and punctu-

ally at the times they respectively became due, time being by the terms of said contract expressly of the essence thereof.

" 3. That by the terms of said contract it was further provided that in case the said Leland failed to keep and perform any and all of his said stipulations, then the said H. S. Russell should become entitled to the immediate possession of said premises.

" 4. That the said Leland did fail to make either of said payments at the time in said contract required, or at any other time.

" 5. That on the 16th day of January, 1878, said contract was declared forfeited by said Russell, because of the failures of said Leland as aforesaid, and at said time it was canceled by him and notice thereof at once given to the defendant Leland.

" 6. That on the 28th day of June, 1877, the defendant Leland was in possession of said premises under and by virtue of said contract, and on said day he made a mortgage to one W. P. Robinson upon said premises to secure the payment of $315.

" 7. That afterward, to-wit: on the 14th day of July, 1877, and while the said defendant Leland was still in the possession of said premises under and by virtue of said contract as aforesaid, the said Robinson assigned said mortgage to the plaintiffs.

" 8. That on the 24th day of September, 1878, judgment was rendered against defendant Russell by default, he for several years prior thereto having been a non-resident of the State of Iowa, and the notice of the pendency of this suit having been made upon him by publication only.

" 9. That on the 3d day of October, 1878, a special execution was issued upon said judgment and decree, and placed in the hands of the proper officer for service and levy, to-wit: the sheriff of Mills county, Iowa, and on the 3d day of October, 1878, the said officer did levy upon said lot under and by virtue of said execution, and did post and advertise the

same for sale, fixing the 5th day of November, 1878, as the day of sale.

" It is therefore ordered, considered and decreed:

" 1. That the plaintiffs' petition herein against the defend-ant Russell be dismissed.

" 2. That the forfeiture of said contract made and declared by the defendant Russell on the 16th day of January, 1878, be and the same is hereby confirmed, and the title of the said H. S. Russell in and to lot No. 3, in block forty-three, in the town of Malvern, Mills county, Iowa, is hereby confirmed in the said H. S. Russell as trustee, as against the plaintiffs herein.

" 3. That the injunction heretofore issued herein restrain-ing the sheriff and said plaintiffs from selling said property under said execution is hereby made perpetual.

" 4. That the defendant H. S. Russell have and recover of the plaintiffs their costs herein, taxed at $66, and that exe-cution issue therefor.

" To all of which plaintiffs at the time except.

" J. R. REED, <em>Judge.</em>"

Some question is made in argument as to the correctness of some of the foregoing findings of fact. A careful exam-ination of the evidence has satisfied us that they are correct and fully supported in every particular by a fair preponder-ance of the testimony. We will not undertake a review of the facts, nor a discussion of the testimony of the several wit-nesses. It is enough to state our conclusion.

II. That part of the written contract of sale which it is claimed makes time of its essence is as follows:        *        *

1. CONTRACT: for convey-ance of real estate: for-feiture. " Now if the said party of the second part shall pay the sums set forth below, and at the date set forth below, to the said party of the first part, to-wit: twenty-five dollars on or before the 1st day of Sep-tember, 1875; twenty-five dollars on or before the 1st day of March, 1876; thirty dollars on or before the 1st day of

September, 1876, with interest thereon at the rate of ten per cent per annum annually until paid, time being of the essence of the contract, and shall pay punctually all taxes or assessments which may be levied or become due on said lot from the date hereof, the said party of the first part shall at his own cost and expense execute and deliver to the said party of the second part or to his assignees a warranty deed to the above described premises.     *     *     *     And it is hereby agreed that upon failure of the party of the second part to perform any of the stipulations of the contract, the party of the first part shall become entitled to the immediate possession of the premises described herein."

It should be stated that the defendant Russell took possession of the property after default made in the payment of the purchase-money by defendant Leland, and after the contract of sale was canceled, and that he has continued in possession to the present time. Leland made no defense to the foreclosure of the mortgage held by plaintiffs.

It is urged by counsel for appellant that all the right which Russell reserved for the failure of Leland to make payment promptly was the right to take possession of the premises. We do not think this is a fair construction of the contract. By its very terms it makes time of its essence, and authorizes Russell to take possession and thus close up and end the transaction. Russell had the title with a stipulation in the contract that the payments should be made at the time named, and in default he was to take possession. When he canceled the contract and took possession for the default he had both title and possession, with no obligation on his part to convey to Leland. We think, taking into consideration the acts of the parties, upon the failure of Leland to make his payments, in connection with the fact that time is expressly made of the essence of the contract, that the case is fully as clear a one in justification of enforcing the contract as the parties made it as the contract in *Iowa Railroad Land Co. v. Mickel*, 41 Iowa, 402.

But it is claimed that as the law now is no right of forfeiture exists, but that the vendor's remedy is limited to a foreclosure. In *Iowa Railroad Land Co. v. Mickel, supra,* it was held that under the Revision of 1860 the right of forfeiture existed notwithstanding the provision of § 3671, which enacted that "the vendor of real estate, when part or all of the purchase-money remains unpaid after the day fixed for payment, whether time is or is not the essence of the contract, may file his petition asking the court to require the purchaser to perform his contract, or to foreclose and sell his interest in the property." It is said in that case that this section and its corresponding section of the Code, being section 3329, are simply permissive, and do not undertake to deny any right which parties to such instruments may have. See, also, *Johnson v. Thornton, ante.* It is said, however, that the right of forfeiture existed only by virtue of section 3674 of the Revision of 1860, and as that section was repealed by the Code, the right to a forfeiture no longer exists. In this we do not concur. Section 3674 of the Revision was as follows: "Nothing herein contained is intended to prevent parties from fixing their own terms to any contract and prescribing the manner in which those contracts shall be enforced; nor to change the rule or affect the rights of the vendor of real estate in those cases where time is the essence of the contract."

This is the last section of the chapter upon the foreclosure of mortgages. Its only purpose seems to have been to make that specific which was thought not to be sufficiently plain without it. It was omitted by the Code Commissioners in their report to the governor in 1871, on page 128, as being "useless and unnecessary." Its omission could not have been intended to make the previous sections, which had been held to be permissive, or rather creating a cumulative remedy, the only right reserved to a vendor of real estate who makes time the essence of his contract. The effect of such a holding would be to compel a foreclosure of all such contracts,

and deny the right of the parties to make the time of performance a material consideration. Our conclusion is that section 3329 is not intended to change or affect contracts. It simply provides a remedy not before existing, and which a vendor of real estate who has made time the essence of his contract may pursue. It does not prohibit him from exercising his right to forfeit the contract.

AFFIRMED.