G. W. ZOOK v. I. ROSS THOMPSON, Appellant.

**Resadjudicata:** MATTERS NOT NECESSARILY CONSIDERED IN FORMER SUIT. Plaintiff sold defendant real estate for one hundred dollars cash, and four hundred dollars to be paid on delivery of a warranty deed, an abstract showing good title, and a note for

ZOOK v. THOMPSON. [111 Iowa

five hundred dollars, to be executed at the same time. On refusal of defendant to carry out the agreement because of alleged insufficiency of title, plaintiff brought an action for the nine hundred dollars and prayed for a vendor's lien and obtained a decree for four hundred dollars, and that the defendant execute him a note for five hundred dollars, which was done by agreement of the parties, on dismissal of defendant's appeal. *Held,* that in a subsequent action by plaintiff to recover on the note so executed and for a vendor's lien, the decree in the former action did not constitute an adjudication of plaintiff's right to the lien, since in the former action the court had no occasion to pass on the lien.

**Vendor's Lien:** WAIVER: *Evidence.* The fact that a vendor of land entered into a written contract, and accepted a note for the purchase price, was not sufficient to constitute a waiver of his right to a lien for the same, in the absence of clear proof that such was the express agreement of the vendor.

*Appeal from Polk District Court.*—HON. C. A. BISHOP, Judge.

FRIDAY, MAY 18, 1900.

ACTION in equity upon a promissory note, asking the establishment of a vendor's lien for the purchase price of real estate. There was a decree for the plaintiff, and the defendant appeals.—*Affirmed.*

*Read & Read* for appellant.

*Edward A. Davis* for appellee.

SHERWIN, J.—On the tenth day of August, 1895, the plaintiff sold the defendant real estate for the agreed price of one thousand dollars. One hundred dollars was paid in cash, and the plaintiff agreed in writing to accept as full payment therefor, upon delivery of a warranty deed and abstract, the further payment of four hundred dollars cash and a note for five hundred dollars, bearing seven per cent. interest per annum from the fifteenth day of August, 1895, and due in one year. The defendant

took possession of the property, and thereafter difficulty arose between plaintiff and defendant, which resulted in the defendant's refusing to pay the four hundred dollars cash and to execute the five hundred-dollar note. The plaintiff thereupon brought suit to collect the nine hundred dollars balance of unpaid purchase money, and asked therein that a vendor's lien to be given him for the same. In answer to that suit the defendant alleged that the plaintiff had failed to furnish him an abstract showing a good title to the land, as agreed, and had failed to remove certain clouds upon the title thereto, and that he was ready to perform his contract whenever the plaintiff would perform on his part. A trial was had, and the court decreed that the plaintiff was entitled to judgment for four hundred dollars, and that the defendant execute and deliver to the plaintiff his note for five hundred dollars, in accordance with the terms of the sale. This judgment was appealed from by the defendant, but the matter was subsequently adjusted by the parties themselves, the money paid, and the note executed to plaintiff as in the judgment required, and the appeal was dismissed. The note then given to plaintiff is the one sued on herein. There was no defense to the note itself, but the claim for a vendor's lien is resisted on the ground that it was waived by the plaintiff at the time of the sale and since, and that there was an adjudication of the plaintiff's right thereto in the former suit. In the former action no issue was tendered as to the plaintiff's right to a vendor's lien. Upon the trial of the case the plaintiff tendered full compliance with his agreement, and the court, it is evident, thereupon decreed what was, in effect, a specific performance of the contract on the part of the defendant. There was no finding that the plaintiff was not entitled to his lien as prayed as to any part of the purchase price of the land. The plaintiff did not ask that it be established as a notice to third parties before the five hundred-dollar note became due, and the court had no occa-

sion to pass upon the question. The decree put the parties in the position they would have been in at first had both complied with the terms of sale. Nothing further was attempted therein, and we reach the conclusion that there was no adjudication of the question under consideration, and no reason why it should have been determined at that time, at least so far as the amount represented by the note in suit is concerned. The law giving the vendor a lien for purchase money is well settled in this state. *Pierson v. David,* 1 Iowa, 23. The mere taking of a note, therefor, does not waive the lien. In order to so operate, it must be shown by a clear preponderance of the evidence that such was the express agreement of the vendor. *Farwell v. Salpaugh,* 32 Iowa, 583; *Port v. Robbins,* 35 Iowa, 208; *Bank v. Gifford,* 79 Iowa, 300. Nor is the written contract, in our judgment, conclusive upon the question. The note in suit represents nothing but a balance due for the purchase price of the land sold to the defendant, and we think the trial court rightly found that a waiver of the vendor's lien was not sufficiently proven. The judgment is AFFIRMED.