CLIFTON LAND COMPANY, Appellee, v. GEORGE W. DAVEN-
PORT, ET AL., Appellants.

Homestead: CONTRACT OF PURCHASE: SIGNATURE OF WIFE. A con-
1  tract by the husband alone for the purchase of property pro-
viding that title shall remain in the grantor until the purchase
price is fully paid, which property is subsequently occupied by
the purchaser and his family as a homestead, is not void as
against the vendor in an action to foreclose the same because
not signed by his wife.

Foreclosure of land contract: NOTICE OF FORFEITURE. Previous
2  notice of forfeiture under Code Section 4299, is not required
to authorize a suit to foreclose a vendee's interest in property
held under a contract of purchase.

*Appeal from Polk District Court.*— HON. HUGH BRENNAN,
Judge.

THURSDAY, MARCH 8, 1906.

SUIT to foreclose a contract for the sale of land. De-
cree was entered as prayed, from which the defendants ap-
peal.— *Affirmed.*

*F. M. Davenport* and *Ira W. Anderson,* for appellants.

*George B. Stewart* and *Clinton L. Nourse,* for appellee.

LADD, J.— The plaintiff entered into a contract with
J. U. Barron for the sale to him of lot 12, in block 13, in
the second plat of Clifton Heights in Des Moines. The
purchaser built a house thereon and assigned the contract to
the defendant George W. Davenport, about November 1,
1901, and the latter with his family immediately took pos-
session and has since occupied the premises as a home. The
amount due on the contract was computed and a new con-
tract with Davenport executed in its stead, stipulating for

the conveyance to him of said lot upon the payment of the balance of the purchase price. The parties had another settlement in June, 1903, when it was ascertained that there was still due, after allowing all payments, $1,001.01. There is some controversy as to this amount, but a careful examination of the record has convinced us of its correctness. At that time $18.23 due on other property was added, and a new contract executed by the parties, whereby plaintiff agreed, upon the payment of $1,019.24, in payments as stipulated, to convey the property to the defendant. This contract declares time to be of its essence, and provides for forfeiture upon the failure to make payments as agreed, and also that, if " the said first party shall elect not to declare this contract void in case second party shall fail to make the payments aforesaid, or any of them, such failure shall, at the election of the first party, make the entire debt evidenced hereby due and payable at once, with interest at the rate of eight per cent. per annum from the date of default, and suit may be brought to collect the same."

I.   The appellants contend that, as the wife of George W. Davenport did not join in the execution of the contracts, they are void, for that the premises constituted their home-

1. HOMESTEAD: contract of purchase: signature of wife.

stead. It will be observed that the title remained in the company, and that Davenport's interest in the property was evidenced by the successive contracts. These merely stipulated for the conveyance of the property upon the payment of the purchase price. This was never paid, and it is uniformly held that the homestead is not exempt from a claim for the purchase money. *Campbell v. Maginnis,* 70 Iowa, 589; *Hyatt v. Spearman,* 20 Iowa, 510. The indebtedness was never extinguished, and, in the absence of contract, the plaintiff would be entitled to a vendor's lien. *Zook v. Thompson,* 111 Iowa, 463. The last contract simply stipulated for the purchase price, with the $18.23 added, to secure which the vendor retained the title. Such security could not be

lost by any act or transfer by the purchaser. See 3 Pomeroy's Equity (2d Ed.) section 1260. Judgment was entered for the entire amount, but the excess of $18.23 was not included in the decree of foreclosure, so that appellants had no cause to complain, and, being for the purchase price, the contract was valid in the absence of the wife's signature. See *Barnes v. Gay,* 7 Iowa, 26; *Thompson v. Hanson,* 44 Iowa, 651.

II.    No notice of forfeiture had ever been served upon the defendant, and for this reason he insists that this action for foreclosure cannot be maintained. Section 4299 of the Code is relied on, but that merely provides, in substance, that a land contract "shall not be forfeited or canceled unless, thirty days before declaration of forfeiture is made, a written notice be served on the vendee or assignee." Manifestly this relates to a forfeiture of the contract and contemplates its cancellation or termination, while an action to foreclose is based upon the recognition and continuing validity of the agreement between the parties. All that the plaintiff is insisting upon is the strict enforcement of the terms of the contract, and not its cancellation. Prior to the enactment of this statute the right of forfeiture was fixed by the terms of the contract and might be effected without any preliminary notice. See *Iowa Railroad Land Company v. Mickel,* 41 Iowa, 402; *Mickelwait v. Leland,* 54 Iowa, 662; *Auxier v. Taylor,* 102 Iowa, 673. The object of the statute was to obviate this and require reasonable notice as a condition precedent to the forfeiture, and to allow a reasonable opportunity to comply therewith as a condition precedent thereto. In an action to foreclose, however, it is not sought to deprive the vendee of the right to perform its conditions. On the contrary, the vendor by demanding foreclosure insists upon payment in accordance with its terms, and selects this remedy to compel compliance therewith. Section 4297 of the Code provides that: "In cases where the vendor of real estate has

*2. FORECLOSURE OF LAND CONTRACT: notice of forfeiture.*

given a bond or other writing to convey the same on payment of the purchase money, and such money or any part thereof remains unpaid after the day fixed for payment, whether time is or is not of the essence of the contract, the vendor may file his petition asking the court to require the purchaser to perform his contract, or to foreclose and sell his interest in the property." This in terms authorizes the maintenance of the suit without previous notice of an intention to do so, and we think none was required. The appellants in their argument ignore the distinction between the cancellation or forfeiture of a contract and its foreclosure. The one has the effect to cancel or terminate it; the other recognizes its continuing validity, and demands its enforcement. While notice is essential under the statute before a forfeiture of such a contract, this is not required in order to maintain an action of foreclosure.

We discover no error in the record, and the decree is *affirmed.*